HART *et al.* *v.* CASTLE.

(*Supreme Court, General Term, Fifth Department.* April 11, 1890.)

WILLS—CONSTRUCTION—POWER OF DISPOSITION.

A testator devised his residuary estate to his sons and daughters, "their heirs and assigns, forever," to be divided equally: provided, however, that if any daughter died without issue, her share should descend to her brothers and sisters; "but my said daughters shall severally have the right to use and manage their shares in such manner as they shall severally choose, and, if the income thereof shall be insufficient for their comfortable support, they may use as much of said share as may be necessary." *Held*, that there was no limitation on the absolute disposition of

the property by a daughter, within 2 Rev. St. N. Y. (6th Ed.) p. 1114, § 85, providing that "every power of disposition shall be deemed absolute, by means of which the grantee is enabled in his life-time to dispose of the entire fee for his own benefit."

Appeals from special term, Monroe county.

Claims presented by Titus Hart and others against the estate of Eliza Hart Kinyon, represented by defendant, James B. Castle, her executor. Plaintiffs appeal from a judgment entered in pursuance of the report of the referee in a reference ordered by the surrogate, and from an order of the special term denying their motion for a new trial on a case and exceptions.

*M. H. Hill* and *John F. Kinney*, for appellants.  *P. M. French*, for respondent.

MACOMBER, J.  The question presented by this appeal arises upon the construction of the residuary clause of the last will of John H. Hart, who died in Seneca county, in the year 1857. The testator left three sons, Enoch H. Hart, Daniel Hart, and the plaintiff Titus Hart; and also three daughters, Amanda Hart, Mary R. Smith, one of the plaintiffs, and Eliza Hart, who, after the death of her father, married a man by the name of Kinyon. The plaintiff Edgar M. Smith is the administrator of the estate of Amanda Hart. The claims presented against the estate represented by the defendant were several, and not joint, but upon the trial they were all treated as belonging to one case, though the learned referee has very properly made a separate report upon each of them. This controversy arises over the estate of the last-named daughter, Eliza Hart Kinyon, of which the defendant is the representative, as the executor of her last will. This estate, whatever it is, was derived by Eliza Hart Kinyon under the residuary clause of the last will and testament of her father, John H. Hart. That part of his will is as follows: "And lastly, as to all the remainder of my personal estate, goods, and chattels of what kind or nature soever, and all my real estate, I give, bequeath, and devise to my sons, Enoch H. Hart, Daniel Hart, Titus Hart, and to my daughter Mary Smith, wife of John R. Smith, Amanda Hart, and Eliza Hart, to them, their heirs and assigns, forever, to be equally divided among them, share and share alike: provided, however, in case either of my said daughters should not leave children at their decease, the share of such daughter shall descend to her brothers and sisters; but my said daughters shall severally have the right to use and manage their shares in such manner as they shall severally choose, and, if the income thereof shall be insufficient for their comfortable support, they may use as much of said share as may be necessary." The solution of the question here presented is not difficult, if close adherence is given to two provisions of the Revised Statutes of this state. Section 2, tit. 5, c. 1, pt. 2, Rev. St., (volume 2, 6th Ed., p. 1130,) is as follows: "In the construction of every instrument creating or conveying, or authorizing the creation or conveyance of, any estate or interest in lands, it shall be the duty of courts of justice to carry into effect the intent of the parties, so far as such intent can be collected from the whole instrument, and is consistent with the rules of law." Section 85, tit. 2, of the same chapter, (Id. p. 1114,) declares: "Every power of disposition shall be deemed absolute, by means of which the grantee is enabled in his life-time to dispose of the entire fee for his own benefit."

It will be observed—*First*, that there is no trust provided for by the will, by means of which the amount necessary for the support of the daughters should be ascertained and provided for; and, *secondly*, that the devisees had severally the right to use and manage their shares as they saw fit; *third*, that they could use a part or the whole of the principal, if the same became necessary. It seems to us, inasmuch as there was no means of ascertaining how much of the property should be disposed of in order suitably

to maintain the decedent, that there was not in fact any limitation upon the absolute disposition of the property contained in the forepart of the residuary clause of this will. The daughter was not governed by the judgment of any other person as to what would be necessary for her comfortable support, nor could any other person interfere with the use which she should make of the property thus devised to her. The intention of the testater, as derived from the will, seems to have been to give to each of his daughters absolute control over the property in her life-time. A hope or expectation is expressed that, in the event of either of them dying childless, her portion would go to her brothers and sisters. As the mother of the devisees was dead at the time of the making of the will, this result would have followed in case the daughters, severally, left no last will or lineal descendants. The fact that the clause giving the daughters the right to use and manage their shares as they saw fit, even to the consumption of the principal, follows the words which the learned counsel for the appellants claim to be a limitation upon the devise, is significant in ascertaining the intention of the testator. It appears as though the testator, after the suggestion that his daughters' shares should go, in case of no issue, to their brothers and sisters, thought that some one might claim that they had a life-estate only, and that they would be dependent entirely upon the income of the land for their support; whereupon, to put that question to rest, he took his own way to declare that they should not be deprived of the management and use of the principal itself. The right to use is the right to dispose of and to consume. In the case of *Campbell* v. *Beaumont*, 91 N. Y. 464, in an action for the construction of a will, it was held, under a will where all the property of the testator was devised and bequeathed to his wife for her sole use and benefit, accompanied by a clause that it was the testator's will and desire that whatever was left thereof at the decease of his wife should be received and enjoyed by her son, Charles, with an admonition to him against wastefulness, that the widow took an absolute title, unaffected by the provision for her son. In the case of *Crain* v. *Wright*, 114 N. Y. 307, 21 N. E. Rep. 401, the will gave land to the widow, "to have and to hold for her benefit and support." It was held that no intent was discoverable to pass a less estate than a fee.

But if it should be thought that the concluding clauses of the residuary devise were, in effect, a limitation upon the absolute gift, still, under the decisions collated in *Van Horne* v. *Campbell*, 100 N. Y. 287, 3 N. E. Rep. 316, 771, and by the authority of that case itself, it must be held that such limitation was hostile and repugnant to the right of the devisee to use the property at her pleasure, and therefore void. We are of the opinion, therefore, that the concluding clauses of this devise, whether deemed a mere expression of a hope and expectation on the part of the testator, or whether the same were, in law, a limitation upon a previous absolute devise, the same were not effective in limiting the right or the power of a devisee to dispose of the property as she saw fit. This conclusion renders it unnecessary to consider other questions that were made the subject of argument at the hearing, for, if we are correct, Eliza Hart Kinyon had an absolute power of alienation of the real estate so devised to her, and her executor cannot be called upon to pay over or account for any moneys which she received upon the sale thereof. The judgment and order appealed from should be affirmed, with costs. All concur.