WILLARD BARTLETT, J.
—These actions were brought by Emma J. Betts, the plaintiff, against Iliram W. Betts, her husband, and other defendants, to foreclose two mortgages on adjoining pieces of property in the city of Brooklyn. By stipulation of counsel they were tried together, and the same questions of law and fact arise in both. The mortgaged property belongs to the defendant, Hiram W. Betts, having been acquired by him upon the foreclosure of second mortgages upon the premises. At the time of his purchase the mortgages in suit constituted prior liens. In the year 1875, after such purchase, the defendant, Iliram W. Betts, paid the amount due on these mortgages and the accompanying bonds to the persons who were then the lawful owners and holders thereof; but for the purpose of protecting his title from any possible imperfections arising out of the foreclosure of the second mortgages under which he had purchased, and so that the defendant, Iliram W. Betts, might be subrogated to the rights ■of the mortgagees under the mortgages in suit, he caused .assignment of these mortgages to be made to the plaintiff, his wife, instead of having the same satisfied of record. These ■assignments were accepted by Mrs. Betts, and taken by her in trust, for the purpose of protecting her husband’s title, as already stated. Up to this point there is no disputed question of fact which this court is called upon to consider, inasmuch as the facts already set forth in regard to the assignment of the mortgages to the plaintiff and the purpose of that assignment were found by the learned judge at special . term upon the request of the appellant. The' real controversy in the case relates to what occurred after the plaintiff had thus become the assignee of the mortgages. The proof shows that 1 *696 in the course of time Mrs. Betts claimed that the mortgages belonged to her, and not to her husband; and she emphatically denied the existence of any trust relation on her part with reference to the instruments. Her claim of ownership appears to have given rise to much dispute between her and her husband. There is evidence in the record tending to show that he more than once admitted her ownership, and evidence, on the other hand, indicating that he denied it. Upon the whole case the learned court below reached the conclusion that,, although the mortgages were originally taken in the wife’s name for the benefit of the husband, a controversy subsequently arose between them, wherein she claimed in good faith that she owned the bonds and mortgages, and he claimed in equally good faith that she did not. These conflicting claims were finally adjusted. The husband yielded, and made a gift of the bonds and mortgages to his wife. There is abundant evidence to justify this view of the facts, and it only remains to inquire whether there are any reasons iii law which require us to interfere with the judgments of foreclosure based upon it.
It seems clear that there was no merger of the mortgages at the time that the defendant, Hiram W. Betts, procured them to be assigned to his wife. The very purpose for which he desired such assignment was antagonistic to the ideas of a merger. He wanted to preserve the mortgages in full force and effect, in order that he might avail himself of them in case his title as a purchaser under the foreclosure of the later mortgages, should prove to be defective. Merger, in equity, is a question of intention, and is not to be presumed in opposition to the intent of the parties. Smith v. Roberts, 91 N. Y. 470. The payment made to the holders of the mortgages from whom the assignments were obtained was not, under the circumstances, a payment which had the effect of discharging the mortgages, but is to be deemed merely the purchase price for the transfer. That the mortgages could be made the subject, of a gift from the husband to the wife appears to be settled by authority. Bucklin v. Bucklin, 1 Abb. Dec. 242; Van Amburgh v. Kramer, 16 Hun, 205; Bolen v. Bolen, 44 IIun, 362. In the case first cited a mortgage by a father to a trustee, in order to make a voluntary provision for his infant child, was upheld as being as valid in every respect as would be a transfer for a full pecuniary consideration, the contract being executed, and there being no intervening rights of creditors. Chief Judge Denio, who wrote the opinion of the court, said : “ There are cases in which a voluntary executory gift will not be enforced by the courts, but an executed one is as valid as though based on a full pecuniary consideration.” In the second case, which arose in this department, Gilbert, J., said: “ The evidence in this case merely shows that the bond and mortgage in suit were not made upon a valuable consideration. But there are other considerations which are sufficient in equity to support transactions between husband and wife, when the claims of *697 creditors do not interfere. Indeed, it has been held that a bond and mortgage may be made by way of gift.” In the third case, which was also decided by the general term of the second department, the facts were distinguished from those of Bucklin v. Bucklin, supra, but the authority of that decision was fully recognized. It seems to us that it must be deemed controlling here in support of the validity of the gift of the mortgages in suit.
There is nothing in the point that the findings of the court below established a different cause of action from that which was pleaded. The complaints alleged that the plaintiff was the owner and holder of the bonds and mortgages at the time the suits were commenced. This was the essential averment of ownership which the plaintiff was bound to prove, and it was immaterial whether she proved that she had become the owner by a direct transfer from the assignors or by an executed gift from her husband.
The judgments appealed from must be affirmed, with costs.
All concur.