(36 Misc. Rep. 35.)

## HOWELL v. RANDALL et al.

(Supreme Court, Special Term, Madison County. March 28, 1901.)

WILLS—DEVISE OF REAL ESTATE—CHARGES ON REALTY — DEVISE TO BENEFICIARY—ACCEPTANCE—MERGER.

Where testator devised real estate to his mother in fee, subject to an understanding between him and the devisee that she should maintain and educate testator's daughter, and subsequently said real estate was devised by the mother to the daughter, the acceptance by the daughter of the devise suspended her lien on the land for her support, the lien becoming merged in the title taken under her grandmother's will; and hence the daughter was liable for the debts of the grandmother, under Code Civ. Proc. §§ 1841, 1844, making the devisees of a testator liable for his debts to the extent of the real property which they take from him.

Action by David Howell against Ida May Randall, an infant, and others, John W. Lewis, as general guardian of Ida May Randall, Charles Cowles, as executor of the last will and testament of Cynthia M. Randall, deceased, and others. Judgment for plaintiff.

Edwin J. Brown, for plaintiff.
Gill, Stilwell & White, for defendant Ida May Randall.
Joseph Beal, for defendants Chas. E. Cowles and others.

H. W. Coley, for defendants Albert and Emily Dygert.

James B. Jenkins, for defendant Alice Cook.

FORBES, J. The plaintiff is a creditor of the estate of Cynthia M. Randall, having had a claim against her, at the time of her death, of $29.38. Cynthia M. Randall, deceased, was the mother of Sands H. Randall, deceased. Ida May Randall, one of the defendants, is the daughter of Sands H. Randall. Sands H. Randall died, leaving a last will and testament, under and by which he devised to his mother certain real estate. The will of Sands H. was admitted to probate by the surrogate of Madison county on the 18th day of February, 1888, and was recorded as a will of real estate, and on that day letters testamentary were issued thereon to Hiram L. Rockwell. By his last will and testament, Sands H. Randall devised to his mother the real estate set forth in the plaintiff's complaint. Under said will, the said Cynthia M. Randall took the absolute title to said real estate, subject, however, to an understanding between the testator and the said Cynthia M. that she would care for, maintain, support, and educate the defendant Ida May Randall. Certain portions of his real estate were sold and conveyed by Sands H. Randall before his death, and, subsequently, before the death of Cynthia M. Randall, certain other portions of said real estate, which came to her under said will, were sold and conveyed by her. The grantees under said conveyances are made parties to this action. No personal claim is made against any of said defendants, and on the trial the plaintiff's attorney disclaimed the right to recover against them in this action. Cynthia M. Randall made her last will and testament, devising to her granddaughter, the said Ida May, all the remainder of said real estate, absolute, after the payment and discharge of all the testator's lawful debts; and she appointed the defendant Charles E. Cowles as the executor of said last will and testament. Cynthia M. Randall's will was admitted to probate February 11, 1894. It was undoubtedly the intention and design of Sands H. to make the support and education of the defendant Ida May Randall a charge and lien upon said real estate; and the said Cynthia M. Randall undoubtedly had knowledge of such design, and that knowledge was probably the very foundation of the devise to the said Ida May Randall from her grandmother, and was her construction of the benefit clause in her son's will in favor of the said Ida May Randall. The defendant Ida May Randall appeared in this action by her guardian ad litem, and by an answer submitted her rights to the court.

The question is presented whether the support, maintenance, and education of Ida May Randall is to be regarded as a charge and a continuing lien upon said real estate, so devised to her by her grandmother. I think it must be held that by accepting the devise under said will, said real estate became charged with the payment of all of said Cynthia M.'s lawful debts; and that such acceptance by said defendant Ida May operates as a suspension of her lien for her support, and is now merged in the title which she took under her grandmother's will. Hart v. Castle (Sup.) 9 N. Y. Supp. 622. The lien

of said Ida May Randall under the will of her father was of no greater binding force than would have been a mortgage placed upon said real estate to secure her support, maintenance, and education. A deed from her grandmother to Ida May of said real estate, without any reservation of that mortgage lien, or without any intention expressed not to merge it in the absolute title, would have operated as a merger and destruction of the said mortgage lien; and I can see no distinction, in principle, between the lien in question and a mortgage. Asche v. Asche, 113 N. Y. 232, 21 N. E. 70; Curtis v. Moore, 152 N. Y. 159, 46 N. E. 168; Betts v. Betts, 159 N. Y. 547, 54 N. E. 1089, affirming Id., 9 App. Div. 210, 41 N. Y. Supp. 285; Ewell v. Hubbard, 46 App. Div. 383, 61 N. Y. Supp. 790. Three years having elapsed since the granting of letters testamentary to the defendant Cowles, and a claim having been presented to the executor by the plaintiff in this action within the time and allowed, and said devise having passed absolutely to the said Ida May Randall by the will of her grandmother, this action is brought against her, under sections 1841 and 1844 of the Code of Civil Procedure, to recover the debt in question, the payment of which was provided for by the last will and testament of the said Cynthia M. Randall. This action can be maintained by the plaintiff, all of the necessary parties having been brought before the court. Edmonds v. Edmonds (Sup.) 62 N. Y. Supp. 652; Rogers v. Patterson, 79 Hun, 483, 29 N. Y. Supp. 963, affirmed in 150 N. Y. 560, 44 N. E. 1128; Long v. Long, 142 N. Y. 545, 37 N. E. 486. This action is not for the construction of the will of Cynthia M. Randall, and if that were the object it could not be maintained. Neither can the executor of the last will and testament of Cynthia M. Randall obtain a construction of said will, under an answer interposed by him for that purpose. Smith v. Hilton, 50 Hun, 236, 2 N. Y. Supp. 820; Dill v. Wisner, 88 N. Y. 153.

Upon the trial certain evidence was admitted for the purpose of getting possession of all the facts claimed by the parties, but which cannot be, and is not here, used for the purpose of construing said will; neither can such evidence be used to fix and establish the claims of any other creditor save the plaintiff in this action, whose claim only has been properly proved and established.

Judgment is ordered for the plaintiff, and the question of costs to the plaintiff is hereby reserved.