In the Matter of the Judicial Settlement of the Accounts of J.
  MONROE PALMER, as Executor, etc., of ELIZABETH FARRINGTON,
  Deceased, as Executrix and Trustee, etc., of JOHN E. CHASE,
  Deceased.

JOHN S. SMITH, as Executor, etc., of OBADIAH CHASE, Deceased,
  Appellant; J. MONROE PALMER, as Executor, etc., of ELIZABETH
  FARRINGTON, Deceased, and Others, Respondents.

*Will — when notwithstanding words of trust and limitation an absolute estate passes
under a will.*

The disposing clauses of the will of John E. Chase provided as follows:

"*First.* I give and bequeath to my wife, Elizabeth Chase, all of my property, both real and personal, to and for her own individual use and benefit, after the following manner.

"*Second.* I give and devise all my real and personal estate of what nature and kind soever to my friend Isaiah Smith, 2d, and my wife, Elizabeth Chase, Executor and Executrix of this, my last Will and Testament, hereinafter nominated and appointed in trust for the payment of my just debts and the legacies above specified, with power to sell and dispose of the same at public or private sale at such time or times and upon such terms and in such manner as to them shall seem meet, and that the money so raised to be put at interest by my Executor and Executrix, so that my wife, Elizabeth, may have the avails thereof, and if at any time such interest shall not be sufficient for her use, then she is to be paid so much of the principal as is necessary for her use as she may need the same."

The testator was survived by his widow and by his father, who was his sole next of kin.

*Held*, that the property passed absolutely to the widow.

PARKER, P. J., and HOUGHTON, J., dissented.

APPEAL by John S. Smith, as executor, etc., of Obadiah Chase, deceased, from a decree of the Surrogate's Court of the county of Schuyler, entered in said Surrogate's Court on the 19th day of November, 1902, determining that certain moneys belong to J. Monroe Palmer, as executor, etc., of Elizabeth Farrington, deceased, and refusing to compel him to account therefor to the appellant.

In 1870 John E. Chase, of Schuyler county, died, leaving a last will and testament which reads as follows :

" WILL.

" *In the name of God, Amen.* I, John E. Chase, of the Town of Hector, in the County of Schuyler and State of New York, at the age of Thirty-five years, and being of sound mind and memory, do make, publish and declare this, my last Will and Testament, in manner following, that is to say :

"*First*, I give and bequeath to my wife, Elizabeth Chase, all of my property, both real and personal, to and for her own individual use and benefit, after the following manner.

" *Second*, I give and devise all my real and personal estate of what nature and kind soever to my friend Isaiah Smith, 2d, and my wife, Elizabeth Chase, Executor and Executrix of this, my last Will and Testament, hereinafter nominated and appointed in trust for the payment of my just debts and the legacies above specified, with power to sell and dispose of the same at public or private sale at such time or times and upon such terms and in such manner as to them shall seem meet, and that the money so raised to be put at interest by my Executor and Executrix, so that my wife, Elizabeth, may have the avails thereof, and if at any time such interest shall not be sufficient for her use, then she is to be paid so much of the principal as is necessary for her use as she may need the same.

"*Lastly*, I do hereby nominate and appoint my friend, Isaiah Smith, 2d, Executor, and my wife, Elizabeth Chase, to be the Executrix, of this, my last Will and Testament, hereby revoking all former Wills by me made.

"*In witness whereof*, I have hereunto set my hand and seal this 22nd day of March, 1862.

"JOHN E. CHASE. [L. s.] "

He left him surviving his widow, Elizabeth Chase, and his father, Obadiah Chase, as his sole next of kin. Isaiah Smith did not qualify as executor, but Elizabeth Chase was appointed executrix and trustee under the will. Thereafter, and in the year 1871, Elizabeth Chase married John R. Farrington. In December, 1900, Elizabeth Farrington died. J. Monroe Palmer was appointed and qualified as executor of her will. In or about 1885 Obadiah Chase died, and John S. Smith was duly appointed and qualified as executor of his last will and testament. At the death of Elizabeth Farrington there was of the moneys received from John E. Chase unexpended by her

the sum of about $3,000. The surrogate has determined that said moneys belonged to the executor of Elizabeth Farrington, and has refused to compel him to account therefor to the executor of Obadiah Chase. From the decree upon this determination John E. Smith, as executor of Obadiah Chase, here appeals.

*William Hazlitt Smith*, for the appellant.

*F. S. Curtis* and *Frederick Collin*, for the respondents.

SMITH, J.:

The real intent of the testator does not seem to me difficult of ascertainment. His father was his sole next of kin. By fair presumption he would not outlive the widow. There can be no reasonable probability that what remained of the property after the death of the widow was reserved for his benefit, or for the benefit of any other party. His intention clearly was that the property should belong to his widow. He endeavored, however, to restrict the use of the property during the life of the widow. Whether or not he was successful in that endeavor is immaterial to the question here for determination. If it be held that her life use was limited to her needs, it must, nevertheless, be held that sufficient title was given to her to be disposed of either by will or which would pass to her next of kin in case of intestacy. The presumption of law against a contemplated intestacy on his part as to part of his property is reinforced not only by the fact that his sole next of kin was his father, for whom he could not reasonably have intended a reservation, but also by the first provision of his will, which is an explicit declaration of gift to his wife of all his property, both real and personal. The succeeding clause in no way attempts to limit the amount of property given. The only attempt is to limit its use during the life of the widow. I am of opinion, therefore, that the property passed absolutely to Elizabeth Chase under the will of John E. Chase, and that the determination of the surrogate was right.

All concurred, except HOUGHTON, J., dissenting in opinion, in which PARKER, P. J., concurred.

HOUGHTON, J. (dissenting):

I cannot agree to the conclusion reached by the majority of the court. To my mind, the will herein must be construed as providing

that the testator's wife should take a life estate in his real and personal property, with the right, in case the income should be insufficient for her support, to use and dispose of so much of the *corpus* of the estate as might be necessary for that purpose. She had sole custody of the funds, and under this construction it follows that if any portion of the estate had not been so used by her, then she, or her estate, was liable to account therefor, and the decree of the surrogate was wrong and should be reversed.

The will was evidently drawn by a person not familiar with legal phraseology, or accustomed to accurate expression; but, taking all this into consideration, I think it is doing violence to the language which we find to construe the 1st clause of the will as giving an absolute estate to the wife, and to ignore what the testator said and attempted to do by the 2d clause. Whether the testator succeeded, by his 2d clause, in making a valid trust or not is unimportant; but what he did, or attempted to do, by that clause casts much light upon what his intention was by the 1st clause of his will. After the gift to the wife in the 1st clause, and in the same clause and same sentence, he uses the words, "after the following manner." These words are of great significance, for they direct attention at once to the clause following, in which he designates the character of the estate and manner in which he desires his wife to enjoy his property. There is not the giving of an absolute estate and then an attempt to cut it down by some ambiguous language into a lesser estate; but in the very body of the bequest he qualifies it by directing attention to the 2d clause, which shows the character of gift he is attempting to make. In that clause he provides that the money raised by converting his estate into cash shall be put at interest "so that my wife, Elizabeth, may have the avails thereof, and if at any time such interest shall not be sufficient for her use, then she is to be paid so much of the principal as is necessary for her use as she may need the same." Standing alone, the words in the 1st clause, "for her own individual use and benefit," would have no special significance, and would not be sufficient to limit her estate to one for life, but being immediately followed, as they are, by the words "after the following manner," and then by the language of the 2d clause, above quoted, they have special significance, and it seems clear that the testator did not intend to vest an

absolute estate of all his property in his wife. And it seems equally plain that what the testator did mean was that his wife should have the use of the money received from the sale of his property during her life, and that if the income therefrom was not sufficient to keep her in a comfortable manner that then she should have the right to use so much of the principal as was necessary for that purpose.

Decisions frequently are of little aid in the technical construction of wills, but reported cases are not lacking where similar provisions for a wife have been so construed.

In *Kendall* v. *Case* (84 Hun, 126) the decisions are reviewed in which wills have been construed as giving the wife a life estate with the right to use such part of the principal as may be necessary for her comfortable support. The language of that case, and of the cases there referred to, are no stronger, and many of them not so strong, as the language of the present will.

In *Colt* v. *Heard* (10 Hun, 189) the language was: "I give and bequeath * * * all the rest, residue and remainder of my estate, real and personal, and wheresoever situate, unto my beloved husband * * *; but such part thereof as he may have at the time of his decease, I give, devise and bequeath," etc. It was held that what did remain went to the residuary legatee, and that the husband had only a life estate in the property, with the right to use such part of the principal as was necessary for his support.

In *Wells* v. *Seeley* (47 Hun, 109) the language was: "All the rest and residue of my estate, both real and personal, I give and bequeath to my beloved wife * * * to be held and used by her as she shall see fit and proper during the full term of her life; and at her death if any part of my said estate shall remain unexpended, then * * * I give and bequeath," etc. It was held that the widow did not acquire an absolute title to the property, but that what did actually remain went to the legatees.

*Trask* v. *Sturges* (170 N. Y. 482) is not a controlling case in the will under consideration. In that case the controlling situation seemed to be that the testator did not intend that some unknown trust company should hold his property in trust for his two granddaughters; and besides, there was language following the ambiguous trust which very properly could be construed as giving the property absolutely to his granddaughters.

If there had been in the present will a residuary clause, it would not only have cast greater light on the intention of the testator with respect to the provision for his wife, but would have relieved the case from all embarrassment. It is not a necessity to a valid will that there be a residuary clause, and when one is lacking the court has no more power to construct one and thrust it bodily into the will than it has to take the testator's property from the heir at law and next of kin, because none exists. Presumptively the property of a deceased person passes to the heir and next of kin, and one who claims by will must establish the fact, not only that the will is valid, but that the provisions in it are sufficient to divest the heir and next of kin of his inheritance and convey it to the legatee or devisee. The heir and next of kin is as much entitled to an undisposed-of remainder as he would be to the primary estate, and the same rules must be observed to divest him of it.

The executor named with the wife did not qualify and she held and managed all the property. She was, therefore, subject to such rules of management as applied to another. If any of the *corpus* was left unabsorbed by her necessities, or if by reason of her management she became liable for any of it, her estate should respond to the next of kin of the testator therefor.

The decree of the surrogate should be reversed, and he should be directed to construe the will in conformity with the foregoing and to order an accounting to carry the same into effect.

Decree affirmed, without costs.