(42 Misc. Rep. 253.)

### MERSEREAU v. CAMP.

(Supreme Court, Special Term, Broome County. December, 1903.)

1. WILLS—CONSTRUCTION—INTEREST OF LEGATEE.

    Testator gave all his property to his wife and her sister equally, except as thereinafter provided for one M., to whom he gave $1,000, to be paid by the other legatees out of their shares on his coming of age, with a provision that on the decease of his wife and sister, if anything was left undisposed of by them, it should go to M. Another clause of the will gave them power of sale. The wife at her death gave the property in question to her sister, and M. brought partition. *Held* that, as long as the sister lived, the interest of M. was confined to his legacy of $1,000 at majority.

2. PARTITION—WHO MAY BRING.

    One not in actual or constructive possession of premises cannot maintain partition.

3. WILL—NATURE OF ESTATE.

    Where testator gave certain property to his wife and her sister, with a provision that if, on the decease of both, there was anything "left un-

---

¶ 2. See Partition, vol. 38, Cent. Dig. § 60.

disposed of," it should go to another, the wife and sister took a fee, and such provision would be rejected as inconsistent with the devise to the wife and sister.

Action by Frederick W. Mersereau against Diana Camp individually and as executrix of George W. Mersereau for partition. Complaint dismissed.

F. F. Williams (A. M. Sperry, of counsel), for plaintiff.
Carver, Deyo & Hitchcock, for defendant.

FORBES, J.   This is an action for the partition of certain real estate of George W. Mersereau, deceased, under a devise by his last will and testament to Mary Ann Mersereau, his wife, and her sister, Diana Camp, the present defendant.   George W. Mersereau died February 7, 1877.   His will, dated 1870, was admitted to probate the 23d day of March, 1877, in Broome county.   When about 3 years of age, the plaintiff commenced to live with the testator as a member of his family, and was so living with the family at the testator's death, and continued to live with the testator's wife and her sister, Diana Camp, until he was upward of 21 years of age.   Mary Ann Mersereau died February 17, 1898, leaving a last will and testament, executed the 24th day of April, 1882.   By a residuary clause therein she devised to the defendant, Diana Camp, certain real estate, which it is claimed embraces the property in question.   There are three provisions which, in George W. Mersereau's will, must be considered.   After providing for the payment of all of his debts, that will reads as follows:

"I give to my beloved wife,. Mary Ann, and to her sister, Diana Camp, all my estate, both real and personal, absolutely and for them equally, share and share alike, excepting as hereinafter provided for Frederick Mersereau, who lives with me."

The testator had been a hotel keeper up to the time of his death. Diana Camp had lived with him and his wife (who was her sister) from the time when she was 16 years of age, and she now survives her said sister.

The second clause in said will reads as follows:

"I give and bequeath to Frederick Mersereau the sum of One Thousand (1,000.) Dollars when he shall arrive at the age of twenty-one years, to be paid to him by my wife and Diana Camp out of the shares here-in-before given to them.   And I further will and direct that, on the decease of both my wife or her said sister Diana Camp, if there is anything left undisposed of by them, I give the same to said Frederick.   *   *   *   Likewise I make, constitute and appoint my wife Mary Ann and Diana Camp, with full power to sell and dispose of and convey my real estate, to be executrices of this my last will and testament hereby revoking all former wills by me made."

On the 12th day of July, 1897, Mary Ann Mersereau made and executed a quitclaim deed to her sister, Diana Camp, of all the land set forth in the plaintiff's complaint, "conveying to her the same, with all the appurtenances and all the estate and rights of the party of the first part in and to said premises; to have and to hold forever." This deed was duly acknowledged, stamped with an internal revenue stamp, and it was delivered after its execution to F. W. Downs, Esq.,

in escrow, by him to be delivered to the defendant at the death of her sister, Mary Ann. This deed was duly recorded November 29, 1898. At the same time and place another deed was executed by Diana Camp to her sister, Mary Ann Mersereau, conveying an undivided portion of said premises. This deed was also delivered in escrow to F. W. Downs, Esq., to be delivered by him to the said Mary Ann Mersereau in case she survived her sister, Diana Camp.

I think it necessary to discuss but two of the propositions raised under the construction of the George W. Mersereau will. Under the circumstances disclosed by the evidence upon the trial I am inclined to think it was the intention of the testator to either give a joint life estate to his wife and her sister, or to pass to them the absolute title to said real estate. Assuming, for the moment, that a life estate was created under the form of these devises, an action in partition cannot be maintained until the death of both of said devisees, for the reason that, except the bequest of $1,000 to Frederick, it seems to have been the intention of the testator that his property, both real and personal, should be used and enjoyed by his devisees Mary Ann Mersereau and Diana Camp. This is apparent from the fact that the devise is in form made absolute, with the exception provided for in the first clause, which must be interpreted as a direction to pay out of the estate to Frederick Mersereau the sum of $1,000 in cash when he arrived at the age of 21 years; and it was the testator's intention, after such payment out of the joint devise, that his wife and sister should enjoy the balance of said estate in such manner as they desired, with power, under the third clause, to sell and convey, or otherwise dispose of said estate, if necessary, for the purpose of paying that specific bequest. It would be unreasonable to hold otherwise in view of the last clause in the second subdivision of said will, since nothing more was to go to Frederick unless there was a remainder created or left at the time of the death of both devisees.

The scope of the will shows that they were to be put in possession and to remain in possession of the premises unless they sold or otherwise disposed of said real estate. No person, although interested, unless he is in possession, or entitled to the immediate possession, can maintain an action for the partition of real estate. Code Civ. Proc. §§ 1532, 1533. In Hughes v. Hughes, 2 Civ. Proc. R. 139, it is held: "Present partition and sale of real estate cannot be compelled by a remainderman, while the life tenant is still living, without his assent. Section 1533 is not intended to change the law but simply to codify it." Hughes v. Hughes, affirmed in 30 Hun, 349; Cromwell v. Hull, 97 N. Y. 209; Chamberlin v. Gleason, 163 N. Y. 218, 57 N. E. 487. The evidence shows that the plaintiff was not in the actual possession, nor, under the will in question, was he in constructive possession, nor entitled to the control of said estate, at the time of the commencement of this action.

Upon the second proposition I am inclined to hold that a more severe rule interposes to prevent the partition of the property covered by the Mersereau will. It is pretty well settled that a devise of real estate which carries with it the power to absorb the property, or to deed, convey, and dispose of the same, becomes an absolute estate in the devisee.

Seeber v. Seeber, MSS. Opinion, Forbes, J.; Hart v. Castle, 9 N. Y. Supp. 622; Howell v. Randall, 36 Misc. Rep. 35, 72 N. Y. Supp. 52; Shaw v. English, 40 Misc. Rep. 37, 81 N. Y. Supp. 169; Matter of Palmer, 85 App. Div. 117, 83 N. Y. Supp. 742. The facts disclosed in the case last cited are very much weaker than in the case at bar. It will be seen that the first clause of the Mersereau will in form makes the devise absolute, and probably is made contingent upon the payment to Frederick of the sum of $1,000, which was made a lien upon said real estate. This is shown clearly from the fact that the latter clause of the second subdivision only gives a contingent remainder to Frederick, if said real estate was not sold, devised, or otherwise disposed of during the life of the devisees; and this clause seems to have been thrown in as a wish or direction, rather than as a devise of any remainder, thus giving the absolute power to dispose of the real estate. This clause, by statute, under the authorities in this state, makes an absolute devise, since the testator could not give an absolute fee, and then, by a contingent remainder, pass it to somebody else. That portion of the will or direction is void.

I do not think it necessary to discuss the question of the will of Mary Ann Mersereau, nor the deeds of Mary and Diana delivered in escrow. Still I think her will carried with it any estate or interest which Mary Ann Mersereau had. I also believe, under the authorities in this state, the deed from Mary Ann to Diana can be upheld. I think the deeds were delivered in escrow, and upon the death of Mary Ann Mersereau Diana Camp took her portion of said estate, relating back to the original time of delivery. The complaint must therefore be dismissed, with costs to the defendant.

Complaint dismissed, with costs to defendant.