## HOEY *vs.* KENNY and others.

A testator gave one half of his estate unto his wife, "to be held and enjoyed by her during her natural life, and by her to be divided and distributed by will among my relatives, in such shares as she may see fit and deem to be just." The widow enjoyed the property during her life, and died without having made a will. *Held* that as the wife did not exercise the power of distribution, and it was a power in trust for the benefit of third parties, the law would distribute the property equally among the whole class among whom she might have distributed it.

And that this would enable all who were capable of inheriting, at the time of her death, to take the land, although they were *aliens* at the testator's death.

THIS was an action for the partition of real estate. The premises sought to be partitioned were situated in the city

of New York, and were formerly owned and occupied by Nicholas Kenny, since deceased. The complaint was filed by the plaintiff, who claimed to be entitled to an undivided portion of the lands and premises of which the said Nicholas Kenny died seised, against various other relatives, heirs and next of kin of the said Nicholas Kenny, and persons holding incumbrances upon the property. The rights and interests of the several parties depended upon the construction of the 6th clause of the will of Nicholas Kenny. That clause was in these words :

"*Sixth.* I give, devise and bequeath all the said remaining one half of my estate, subject to the said annuities of one hundred dollars, and fifty dollars, and to the dower of my wife, unto my said beloved wife Margaret Kenny, to be held and enjoyed by her during her natural life, and by her to be divided and distributed by will among my relatives, in such shares as she may see fit and deem to be just."

The testator died in September, 1836. His widow occupied and enjoyed the lands and premises of which the testator died seised, until the 22d of February, 1854, when she died intestate, and without having made any appointment or distribution of any part of the estate. Some of the defendants, who claimed an interest in the premises, as heirs or next of kin of the testator, were aliens at the time of his death, but became naturalized citizens of the United States after his death, and previous to the death of his widow. By the decree made at special term, upon a motion to confirm the report of the referee, it was declared and established that by the true construction of the sixth clause of the last will and testament of Nicholas Kenny, the distribution of the remainder of one moiety of the real estate of said Nicholas, in and by said sixth clause disposed of, was to be made among his relatives living at the time of the death of the widow of said Nicholas ; that such distribution was to be made in equal shares among all such relatives *per capita*, and not *per stirpes*, and that such distribution was to be made in manner aforesaid among those persons only to whom said estate would have descended, according to the statute of descents, had the said Nicholas Kenny died at the time

of the death of his said widow, and that Owen Kenny and Lawrence Kenny, who were aliens at the time of the death of said Nicholas, but became naturalized citizens of the United States after his death, and during the lifetime of the said widow, were entitled to share equally with the other heirs of said Nicholas in the division of his estate, in the same manner as if the said Nicholas had died at the same time with his said widow.

From this decree or order the plaintiff appealed.

*T. James Glover*, for the appellant.

*Livingston Livingston* and *Wm. Curtis Noyes*, for the respondents.

*By the Court*, MITCHELL, P. J. Nicholas Kenny made his will in 1836, and thereby gave one half of his estate, subject to two annuities and to the widow's dower, as follows : "Unto my beloved wife Margaret Kenny, to be held and enjoyed by her during her natural life, and by her to be divided and distributed by will among my relatives, in such shares as she may see fit and deem to be just." This was a direct devise to his widow of that half, to hold during her life, for her own use, and in trust for her to divide and distribute it by will among the relatives of the testator, in such shares as she might deem just. She made no will. She had power to make one, even to the last moment of her life, if then in sound mind. Her selection of the relatives might therefore be among those who might be living at her decease, and would not be limited to those living at the testator's death. The testator had alien relatives, but no issue of his own. He probably considered that there would be changes among them during his wife's survivorship of him ; some might die, others become unfit subjects for his bounty, and he therefore meant to give the most beneficial power to her that she, by exercising her discretion to the last moment of her life, might carry out his will, and represent him, and act with the same power that he could, if he had lived as long as she.

As she did not exercise the power of distribution, and it was a power in trust for the benefit of third parties, the law distributes the property equally among the whole class among which he might have distributed it. This enables all who were capable of inheriting at her death, to take the land, although they were aliens at the testator's death. They belong to the class to whom the widow could give, and are therefore in the class to whom the law gives in equal shares. This was the order made at special term, and it should be affirmed with costs.

The decisions respecting the construction of such clauses where no statute exists, do not apply; as our statute makes a new law, which is to govern these cases. (1 *R. S.* 734, § 100.)

Order affirmed.

[NEW YORK GENERAL TERM, September 14, 1857. *Mitchell, Roosevelt* and *Peabody*, Justices.]