THOMAS J. DEEGAN and Another, Individually and as Adminis-
trators, etc., of PATRICK WADE, Respondents, *v.* JOHN VON
GLAHN, as Temporary Administrator, etc., of PATRICK WADE,
Deceased, and Another, Appellants, Impleaded with MARY
BOYD and Others, Respondents.

*Judgment — when inequitable — presumption as to money collected being on hand —
trust — absolute devise — life estate with power to the life tenant to devise the inherit-
ance — future estates limited thereon — they attach in default of appointment.*

A judgment which directed the temporary administrator of an estate to pay to the
executor and executrix of such estate a certain sum of money, which had been
collected by such executrix, who had refused to turn the same over to the
temporary administrator, and which amount had never been received by him,
is inequitable, the person collecting such money being chargeable therewith
and presumed to have the same in hand.

A testator died in October, 1890, leaving a will dated September, 1890, devis-
ing certain real estate to his executor, his successor or substitute, and directing
him to sell the same at public auction at the city of New York to the highest
bidder, at some convenient day and place during the spring months of 1891,
and to make, execute and deliver good and sufficient deed or deeds of convey-
ance of the same to the purchaser at such sale, and directing the disposition of
the proceeds thereof to certain legatees.

*Held,* that a valid express trust was created to sell lands for the benefit of lega-
tees; that the trust was not one personal to the executor nor was the statute
against perpetuities violated thereby;

That the devise was absolute, and the direction to sell was not a limitation of
the devise, but a provision for a more speedy administration than the law
required.

When a life estate is created by will with a general and beneficial power to the
life tenant to devise the inheritance, such tenant for life may devise or sell the
inheritance, or his creditors may cause it to be sold in satisfaction of his debts,
even though future estates are limited on the inheritance, and if neither of
these things are done upon the death of the life tenant intestate, any future
estates, limited thereon, attach.

APPEAL by the defendants, John Von Glahn, as temporary
administrator, etc., of Patrick Wade, and by Charles Wade, an
infant, from a judgment of the Supreme Court, entered in the
office of the clerk of the city and county of New York on the 30th
day of June, 1893, upon the report of a referee construing the will
of Patrick Wade, deceased, and settling the accounts of the tempo-
rary administrator, and of James Boyd, executor of John Boyd,

deceased, who was the executor under the will of Patrick Wade, deceased.

*J. F. C. Blackhurst* and *Abram Kling*, for the appellants.

*Louis V. Booraem, Townsend & Mahan, Jesse G. Roe* and *A. B. Cruikshank*, for the respondents.

VAN BRUNT, P. J.:

This appeal is from so much of the judgment entered herein as construes certain parts of the will of the testator, Patrick Wade, and disallows certain items in the account of the temporary administrator.

This action was brought for a construction of the will of said Wade, and for the accounting of the temporary administrators and the executor and executrix of said will. The issues in this action having been referred to a referee, after a trial he charged the temporary administrator with certain sums which the plaintiff Hyland had collected and refused to pay over to the temporary administrator, and he is by this decree directed to pay these sums to the plaintiffs. In other words, one of the plaintiffs has retained money belonging to the estate which she should have paid over to the temporary administrator; and because she did not do so, he is by this judgment directed to pay said sums to her. The mere statement of this judgment seems to show its want of equity. In law the plaintiff Hyland is chargeable with these moneys collected by her, and is presumed to have them in hand, and cannot now claim, what she has already got, from the temporary administrator.

As to the item of $250, although evidence was given in respect to this charge, no request was made to the referee to find that it was a reasonable charge, and consequently no foundation was laid for a review of his ruling.

The evidence in this case is that this amount was to be in full of all claims for service in this action, and as the court allowed $225 to the counsel for the temporary administrator, which was, we think, a very liberal allowance, it would seem that the same was substantially allowed, and the temporary administrator has no reason to complain.

The only other questions presented are those relating to the construction of the will of Patrick Wade.

It is claimed upon this appeal that the third clause of the will relating to No. 3 Franklin street is in contravention of the statute against perpetuities.

The clause in question is as follows:

"*Thirdly.* I give, devise and bequeath to my executor hereinafter named, his successor or substitute, my lot known as number three (3) Franklin street, in the city of New York, with the two houses thereon erected, and direct him to sell the same at public auction at the city of New York, to the highest bidder, at some convenient day and place during the spring months of 1891, and to make, execute and deliver good and sufficient deed or deeds of conveyance for the same to the purchaser at such sale." And then the testator disposes of the proceeds to certain legatees.

By this provision the testator created one of the express trusts provided for by the Revised Statutes (1 R. S. 728, § 55), viz., to sell lands for the benefit of legatees, and the trust was not a personal one to the executor, because the devise is to the executor named in the will, his successor or substitute, who were to exercise the power. We do not think that the statute against perpetuities was violated. There was no intention to suspend the right of the executor to sell. It seems to have been the intention of the testator to secure a speedy sale. The will was executed in September, 1890, and the testator died in October of the same year, and it seems to have been made in contemplation of death. In the ordinary course of administration the executor could have refrained from selling for nearly a year after decease, and to avoid that delay the testator gave the direction to sell in the spring months of 1891. These words were, therefore, intended to be merely directory and not mandatory, and in no way limited the estate devised.

In no case has a devise ever been held void except where an intention is expressed to suspend the power of alienation so that the ordinary method of administration could not be carried out. In the case at bar the devise was absolute, and the direction to sell was not a limitation of the devise but a provision for more speedy administration than the law required.

In respect to the devise of No. 228 Mott street, it is claimed that the referee erred in holding that Charles Wade took only a life interest therein with remainder to his heirs.

Hun — Vol. LXXV.      6

The provision of the will in respect to No. 228 Mott street is as follows :

"*Fourthly.* I give, devise and bequeath my lot number two hundred and twenty-eight (228) Mott street, in the city of New York, free and clear of all incumbrances, with the two houses thereon erected, to my son Charles Wade for the term of his natural life, with full power to devise, but with no power to grant or convey the same, and if he shall die intestate then with remainder over to his heirs ; and I desire and direct my executor hereinafter named to collect and receive the rents and profits of said number 228 Mott street, until my said son shall arrive at the age of twenty-one years, and after paying the taxes, assessments and the expenses of necessary repairs on the said house, then to apply the balance of said income primarily to the support, education and maintenance of my said son, and if·there shall be any surplus, to add the same yearly to the other moneys invested for him under the provisions of this will, and when he shall arrive at the age of twenty-one years, to pay to him the value of such accumulated sums with the interest."

The devise is to Charles Wade for the term of his natural life, with full power to devise, but with no power to grant or convey the same, and, if he should die intestate, then with remainder over to his heirs. In other words, if he died intestate his heirs were to take under the Statute of Descents.

Section 84 at page 733, volume 1, Revised Statutes, provides that : "Where a general and beneficial power to devise the inheritance shall be given to a tenant for life, or for years, such tenant shall be deemed to possess an absolute power of disposition within the meaning and subject to the provisions of the three last preceding sections."

That is, the tenant for life may sell or devise the inheritance, or creditors may cause it to be sold in satisfaction of debts ; and if neither of these things are done, upon the death of the tenant, any future estates limited thereon attach. So that even if any future estates are limited upon the inheritance in question (which may well be a matter of doubt), pursuant to the provisions of the statute quoted, the tenant has an absolute power of disposition.

The judgment should, therefore, be reversed as to the items of fifty-seven dollars and sixty-eight cents, six dollars and fifty-six dollars and thirty-seven cents' charged against the temporary admin-

istrator, and also as to the findings in respect to No. 228 Mott street, with costs to the plaintiff and to each of the guardians *ad litem* to be paid out of the estate, and without costs to the temporary administrator.

FOLLETT and PARKER, JJ., concurred.

Judgment modified as directed in opinion, with costs to the plaintiff and to each of the guardians *ad litem* to be paid out of the estate, and without cost to the temporary administrator.