## C. O. ADEN

*v.*

## ROAD DISTRICT NO. 3.

*Opinion filed June 19, 1902.*

BILLS OF EXCEPTION—*exceptions must be preserved otherwise than by clerk's recital.* Recitals by the clerk, in writing up the record, that exception was taken to the finding and judgment of the court and that certain propositions of law were submitted and marked refused, do not make such matters a part of the record, since they can only be made so by being contained in the bill of exceptions; and in such case, error cannot be assigned in the Supreme Court as to such matters.

WRIT OF ERROR to the Circuit Court of Union county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

TAYLOR DODD, for plaintiff in error.

HILEMAN & SESSIONS, for defendant in error.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

. This is a writ of error, sued out from this court for the purpose of reviewing a judgment, rendered by the circuit court of Union county. The matter was tried by agreement before the circuit judge without the intervention of a jury. Errors are assigned upon the record by the plaintiff in error. It is not necessary to inquire, however, whether any of the alleged errors are well assigned or not; for an examination of the record shows that no exception was taken to the findings of the court, or to the rendering of the judgment, and that not even a motion for a new trial was made. No propositions of law, submitted under the forty-second section of the Practice act, are recited in the bill of exceptions; nor are any of the rulings of the court upon any such propositions of law recited therein. The clerk has inserted in the rec-

ord, immediately following the judgment, a recital to the effect that such exception was taken. The clerk also recites in the record, after the signature of the judge to the bill of exceptions, that two propositions of law under the forty-second section of the Practice act were submitted to the court, and marked refused. But none of these matters or exceptions are incorporated in the bill of exceptions. They could only become a part of the record by being so incorporated in the bill of exceptions. The clerk's recitals in that respect are of no legal effect. There is, therefore, no question presented by the record upon which this court can pass.

This court has decided in a number of cases that, when a cause is by consent tried by the court without the intervention of a jury, and no exception is taken to the finding of the court or the judgment thereon, error can not be assigned on such finding and judgment in the Supreme Court; and it is not sufficient that the clerk recites upon the record that exceptions were taken to the judgment. Such exceptions should appear in the bill of exceptions. (*Force Manf. Co.* v. *Horton*, 74 Ill. 310; *Martin* v. *Foulke*, 114 id. 206; *Gould* v. *Howe*, 127 id. 251; *Mayor of Roodhouse* v. *Briggs*, 194 id. 435).

We pass no opinion upon the correctness of the judgment entered by the circuit court. It is sufficient to say that the record is not in such condition as to authorize us to do so in view of the fact, that no exception to the rendering of such judgment appears in the bill of exceptions.

Accordingly, the judgment of the circuit court is affirmed.                    *Judgment affirmed.*