(38 Misc. Rep. 486.)

### WILSON v. VAN EPPS et al.

(Supreme Court, Special Term, Madison County.   May 12, 1902.)

1. WILLS—LIFE ESTATE—POWER IN TRUST.

A will gave to testator's wife a life estate in land, and after her death gave to his son the use and possession thereof during his natural life, and also gave him the privilege of giving by will, at his decease, said land to his heirs, as his own judgment and will should dictate, and provided that the son should not sell or mortgage the land to any one for any purpose. *Held*, that the son was given a life estate only, with a power in trust for the benefit of his children, which was properly exercised by his devising the land to them, so that his mortgagee had no interest therein after his death.

Action by Hiram C. Wilson against Frank A. Van Epps and others. Complaint dismissed.

Joseph Beal, for plaintiff.
M. H. Kiley, for defendants Van Epps.
E. L. Hunt, for defendant Menzie.
S. M. Wing, for defendant Davis.

FORBES, J.   This action is to foreclose a mortgage security which is accompanied by a bond.   The defendants Van Epps are the present owners of the real estate incumbered, and are in possession and the occupation of said premises.   These defendants are also the grandchildren of Abraham Van Epps, Sr., deceased, and the sons of Abraham Van Epps, Jr., deceased.   The complaint is the usual one in an action of foreclosure, and alleges that the defendants have, or claim to have, some right or interest in and to the premises, a description of which is particularly set forth in the complaint.   Without setting up any fact, or giving any affirmative evidence on the question, the plaintiff seeks to enforce a lien upon said premises under said mortgage without an attempt to show what title the mortgagor had in said real estate, or to establish upon the trial, by any evidence except the recitals in the mortgage, the source of his title and his right to foreclose said mortgage.   That question, however, was not raised on a motion to nonsuit the plaintiff at the close of his evidence.   The defendants introduced evidence to show that the premises were formerly owned by, and were in the possession and occupation of, Abraham Van Epps, Sr., who, by his last will and testament, devised said premises to Abraham Van Epps, Jr., his son.   The defendants Van Epps went into possession and occupation of said premises by and under the will of Abraham Van Epps, Jr., deceased, who it is claimed took merely a life estate, under the will of his father, in the real property covered by said mortgage.   By consent an official search was offered and received in evidence.   This search has been brought down to the

date of the trial, and shows prima facie the source of title. By this, with the other documentary evidence produced on the part of the defendants, together with certain admissions made by the answers and by the parties, through their attorneys in open court, the facts are probably sufficiently clearly established, and are in the record. The several answers of the defendants fully set forth the defense that the mortgage security was unauthorized, unlawful, and void as against the defendants Van Epps, who now claim the title to said premises, and also as against the other defendants who are subsequent mortgagees of one or the other of the defendants Van Epps. The answers of the defendants Van Epps and the defendant Davis demand the relief to which they claim they are entitled. The answer of the other defendant, Menzie, simply demands a dismissal of the complaint, with costs.

There is no evidence before the court of the appointment or qualification of an administrator with the will annexed of Abraham Van Epps, Sr., deceased, nor are his heirs at law made parties to this action. The last will and testament of Abraham Van Epps, Sr., deceased, was duly and regularly admitted to probate by and before the surrogate of the county of Madison on the 20th day of November, 1857. This will was executed on the 24th day of March, 1857. Abraham Van Epps, Sr., died prior to the 20th day of November, 1857, and soon after the execution of said will. His last will and testament was recorded in the surrogate's office of the county of Madison in Book E of Wills, at page 193, on the 20th day of November, 1857, which was prior to the statute requiring wills to be recorded as devises of real estate. 2 St. at Large (Edmonds' Ed.) p. 59, § 14; Laws 1869, c. 748, § 1; Code Civ. Proc. § 2633; 3 Rev. St. (Birdseye's Ed. 1896) p. 2647. Said will was recorded in Madison county clerk's office, as a will of real estate, on the 1st day of April, 1898. The mortgage in question was executed by Abraham Van Epps, Jr., on the 3d day of March, 1885, and was duly recorded in Madison county clerk's office on the 10th day of March, 1885, at 4 p. m., in Liber 94 of Mortgages, at page 66. Abraham Van Epps, Jr., made and executed his last will and testament on the 3d day of April, 1893. This will was probated on the 26th day of March, 1898, and was recorded in Madison county clerk's office, as a will of real estate, on the 1st day of April, 1898, at 2 :30 p. m., in Liber 197 of Deeds, at page 526. Abraham Van Epps, Jr., died on the 28th day of December, 1897, leaving the defendants Van Epps, his children, his heirs at law, the sole devisees of the real estate covered by the mortgage. These defendants now claim title to said premises under and through the last will and testament of Abraham Van Epps, Sr., their grandfather, through the last will and testament of Abraham Van Epps, Jr., their father. The real estate consists of about 100 acres of land, now situate in the town of Lincoln, in this county. It is claimed on the part of the plaintiff that the last will and testament of Abraham Van Epps, Sr., devised the absolute fee to the premises in question to Abraham Van Epps, Jr., from and after the death of Harriet Van Epps, wife of Abraham, Sr., the mother of Abraham, Jr. Harriet clearly took, under said will, a life estate in

said real property. The defendants claim that Abraham Van Epps, Jr., took only a life estate in and to said property under the will of his father, and that a power in trust was created by said will to convey said premises during the lifetime of Abraham Van Epps, Jr., to the defendants Van Epps, and that this power was fully executed by and under the will of said defendants' father. None of the defendants' answers were demurred to by the plaintiff's attorney, nor was any motion made on the trial for the direction of a judgment upon the ground that any of said answers did not state facts sufficient to constitute a defense, nor was the question raised by the plaintiff in any manner, upon said trial, that the defendants were not entitled to the relief demanded in their respective answers, except, possibly, as that question was raised by an objection that certain evidence was incompetent and immaterial as against the plaintiff. I think these defenses are presented in due form, and that the defendants are entitled, under their several answers, to contest the validity of said mortgage, and to raise the question whether said mortgage security is valid as against them, and continued to be a lien upon said premises from and after the death of Abraham, Jr. Cromwell v. MacLean, 123 N. Y. 474, 25 N. E. 932; Jacobie v. Mickle, 144 N. Y. 237, 39 N. E. 66; Oliphant v. Burns, 146 N. Y. 242, 40 N. E. 980; Park Ass'n v. Lloyd, 167 N. Y. 438, 60 N. E. 741. There was no evidence given on the trial to show that Abraham Van Epps, Jr., was insolvent at the time of his death, and no evidence was produced to show that the defendants Van Epps, or either of them, ever consented to, or in any manner ratified, the giving or taking of said mortgage security, or that either of them had any portion of the proceeds of said mortgage security.

The will of Abraham Van Epps, Sr., contains the following clause:

"First. I give and bequeath to my beloved wife, Harriet, all my personal property, to do with as she thinketh fit. I also give and bequeath to my beloved wife, Harriet, the use and income of my farm, upon which I now reside, as her own, to do with as she thinketh fit during her life."

Following this provision there are several bequests of various sums of money to the children of said testator. Then follows this clause:

"At the decease of my beloved wife, Harriet, I will and bequeath to my son, Abraham, the use and possession of my farm, upon which I now reside, during his natural life. I also give to my son, Abraham, the privilege of giving by will, at his decease, the said farm to his heirs, as his own judgment and pleasure shall dictate. And I also will and decree that my son, Abraham, shall not sell nor mortgage the said farm to any person or persons for any purpose whatsoever."

Harriet Van Epps, the wife of said testator, was named as the sole executrix of said will. She died on the 22d day of June, 1865. On her death Abraham, Jr., went into possession and occupation of the whole of said premises. So far as the same is material to this contest, the last will and testament of Abraham Van Epps, Jr., reads as follows:

"First. I hereby give, devise, and bequeath to my two children, Frank Van Epps and Frederick Van Epps, the farm of about one hundred acres, situate in the town of Lenox, now occupied by me as a homestead, and occupied by my father as a homestead at the time of his decease, share and

share alike. Second. All the rest, residue, and remainder of my estate I hereby give, devise, and bequeath to my wife, Sarah F. Van Epps. Third. I hereby nominate and appoint my wife, Sarah F. Van Epps, executrix of this, my last will and testament, and I hereby revoke all former wills by me made."

The question now arises whether the power given under the will of Abraham Van Epps, Sr.—First. Is a power in trust for the benefit of Abraham, Jr.'s, children, to be exercised by him during his life, transferring the title to the premises in question to the defendants Frank and Frederick? Second. Was any limitation placed, or designed to be placed, by Abraham Van Epps, Sr., upon that power to devise by the use of the words "during his natural life," followed by the words, "I also give to my son, Abraham, the privilege of giving by will at his decease the said farm to his heirs, as his own judgment and pleasure shall dictate"? Does the preceding clause, carving out a life estate to Abraham, Jr., and the clause which follows, clearly express the intention of the testator? It is undoubtedly the rule of construction that the whole will, if possible, must be read in harmony with all of its provisions. Terry v. Wiggins, 47 N. Y. 512, 517; In re McClure, 136 N. Y. 238, 32 N. E. 758. Taking that portion of the will which first gives to Abraham, Jr., the use and possession of the premises in question, with the concluding clause, which reads as follows: "I also will and decree that my son, Abraham, shall not sell nor mortgage the said farm to any person or persons for any purpose whatsoever," does it not show that it was the intention of Abraham Van Epps, Sr., that his son should have the use and possession, with the control, of the property, during his lifetime only, and that he did not intend an unlimited devise of said real estate, imposing an obligation upon the devisee of the life use of said property to turn the absolute title over to his heirs? This seems more clearly to be so from the fact of the other provisions of the will, giving to his other children, and also to his wife, Harriet, certain specific sums and property, and limiting the use and possession of said real estate to his wife during her natural life. If so, said provisions do not fall within the principle laid down in Hart v. Castle (Sup.) 9 N. Y. Supp. 622; Deegan v. Von Glahn, 75 Hun, 39, 26 N. Y. Supp. 989; Campbell v. Beaumont, 91 N. Y. 464; Hume v. Randall, 141 N. Y. 499, 36 N. E. 402; Deegan v. Wade, 144 N. Y. 573, 39 N. E. 692, affirming 75 Hun, 39, 26 N. Y. Supp. 989; In re Moehring, 154 N. Y. 423, 48 N. E. 818. It has been held that when the donee of a power has been given a discretion to exercise it for the benefit of others he must exercise that discretion. Its execution cannot be delegated to others. And in case he for any reason fails to exercise the discretion, and the power falls upon the court for execution, the court distributes equally among the whole class toward which the donee was authorized to exercise his discretion. Hoey v. Kenny, 25 Barb. 396; People v. Powers, 147 N. Y. 109, 41 N. E. 432, 35 L. R. A. 502. By the will of Abraham, Sr., he was careful first to give a life estate to Abraham, Jr., enforcing that provision with the limitation that the devisee should not sell nor mortgage, nor in any other manner convey, said premises for any purpose whatso-

ever during his life; and I think it must be assumed that the testator did intend that his son should exercise the power given by the first will to place the title to the premises in question in his children, giving to him the discretion to devise it to them only, as he saw fit. This seems clearly to have been the intention of Abraham, Sr., and this power was executed fully by Abraham, Jr., in carrying out the declared intention of the grandfather of the defendants Van Epps; and I think the interpretation thus given is fully authorized by the decisions in this state. Terry v. Wiggins, 47 N. Y. 512; Cutting v. Cutting, 86 N. Y. 522; Austin v. Oakes, 117 N. Y. 577, 23 N. E. 193; Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467; In re McClure, 136 N. Y. 238, 32 N. E. 758; Smith v. Floyd, 140 N. Y. 337, 35 N. E. 606; Towler v. Towler, 142 N. Y. 371, 36 N. E. 869. An estate is not limited when the devisee has the power to dispose of the same in his lifetime for his own benefit. Hart v. Castle (Sup.) 9 N. Y. Supp. 622; Van Horne v. Campbell, 100 N. Y. 287, 3 N. E. 316, 771, 53 Am. Rep. 166; McKeown v. Officer, 25 N. Y. St. Rep. 319, 6 N. Y. Supp. 201. The case of Smith v. Floyd, supra, seems to be very nearly in point. In that case all of the real estate of the testator was devised to his son during his life, "with the right and privilege of disposing of the same by will or devise to his children, if any he should have." In that case it was held, in an action for the construction of this clause, that the authority so given to the son was a valid trust power within the Revised Statutes; that such power was imperative; and that equity would regard that as done which the trustee should have done; and so his children, the beneficiaries of the power, took the land in equal shares. There is little question that, unless the provision in the will is so imperative as to preclude the possibility of Abraham, Jr.'s, right to incumber the property by a mortgage, a mortgage placed upon the property by him during his lifetime could have been enforced against his life interest, and would have been valid to that extent only; but it would become inoperative at and after his death as against the defendants Van Epps and their mortgagees. Ward v. Dewey, 16 N. Y. 519; Rathbone v. Hooney, 58 N. Y. 463; Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467; Swarthout v. Ranier, 143 N. Y. 499, 38 N. E. 726, affirming 67 Hun, 241, 22 N. Y. Supp. 198; Haas v. Kuhn, 67 Hun, 435, 22 N. Y. Supp. 347. If Abraham, Jr., became the trustee to convey, in his father's stead, then the mortgagee was bound to know the limitation of that trust, and took the mortgage security at his peril. McPherson v. Rollins, 107 N. Y. 316, 14 N. E. 411, 1 Am. St. Rep. 826; Kirsch v. Tozier, 143 N. Y. 390, 38 N. E. 375, 42 Am. St. Rep. 729; Moot v. Investment Ass'n, 157 N. Y. 209, 52 N. E. 1, 45 L. R. A. 666. It is difficult to reach any different conclusion. The complaint must therefore be dismissed as to all of the defendants, with costs.

Judgment is ordered accordingly.