## R. G. Mathews, Sheriff, v. W. W. Kimball Co.

1. PRACTICE—*Recitals in Orders Entered by Clerk Are Extra Judicial.*—It is immaterial that the recitals in orders entered by the clerk may show exception to the judgment, and the submission and rulings thereon of propositions of law under the 42d section of the practice act. These are matters that can only become a part of the record by being incorporated in the bill of exceptions and the clerk's recitals in that respect are, therefore, extra official and of no legal effect.

Replevin.—Appeal from the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

SHUMWAY & RICE, attorneys for appellant.

R. C. HUNT, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee to recover possession of a piano, from appellant, the sheriff of Knox county, who claimed to hold it under an execution issued from the County Court of said county.

In the Circuit Court to which the case was taken by appeal from a justice of the peace, there was a trial by the court without the intervention of a jury, which resulted in favor of appellee. No propositions of law were submitted to the court below, no exception to the finding or judgment of the court was preserved in the bill of exceptions and there was no dispute as to the facts.

It is true that the clerk has included in the record what purports to be an exception to the judgment but this is not sufficient.

In Gould v. Howe, 127 Ill. 251, where numerous cases are cited in support of the proposition, it is said:

"It is immaterial that the recitals in the orders entered by the clerk may show exception to the judgment, and the submission and rulings thereon of propositions of law under the 42d section of the practice act. These are matters that can only become a part of the record by being incorporated in the bill of exceptions, and the clerk's recitals in that respect are, therefore, extra official, and of no legal effect." See also Aden v. Road Dist. No. 3, 197 Ill. 220.

There is therefore no question presented for the determination of this court and the judgment of the court below is accordingly affirmed.