LESLIE R. WETMORE *et al.* Appellees, *vs.* B. W. HENRY, Exr., *et al.*—(ORVILLA A. LEE, Appellant.)

*Opinion filed June 18, 1913.*

1. TRUSTS—*when will creates a power coupled with a trust.* A will devising the residuary estate to a trustee, with power to divide it among the heirs-at-law of the testatrix, including himself, in such proportions as he shall in his discretion deem each of them worthy, creates a power coupled with a trust, and such power is considered a trust for the benefit of the parties designated.

2. SAME—*when estate will be divided per capita where trustee dies before making distribution.* Where a trustee having power to divide the estate among the heirs-at-law of the testatrix as he deems them worthy, dies before making distribution, and there is no indication in the will how the division shall be made, equity will distribute the estate among the heirs-at-law *per capita.*

3. SAME—*effect where there has been a partial execution of power.* Where a trustee having power to divide the estate among the heirs-at-law, in his discretion, pays a sum of money to certain heirs but dies before taking any other steps to distribute the estate, it will not be presumed by a court of equity that such heirs would not have received more of the undistributed estate, and they will be entitled to share equally with the other heirs in the distribution thereof.

4. WILLS—*probate of will cannot be attacked in a partition proceeding.* An order probating a will cannot be attacked, in a subsequent partition proceeding, by an answer setting up that the probate court erred in admitting the will to probate because the entire will was not before the testatrix at the time the will was executed.

5. APPEALS AND ERRORS—*when alleged error cannot be considered.* Whether the trial court erred in requiring two of the heirs

of an estate to account for certain money paid them by the trustee before his death cannot be considered, where one heir did not assign error on such ruling, and the other, though assigning error, did not raise the question in her original brief.

6. SAME—*a question not raised in original brief is waived.* A question not raised by an appellant in his original brief cannot be thereafter raised by reply brief, oral or printed argument or on a petition for rehearing.

APPEAL from the Circuit Court of Fayette county; the Hon. THOMAS M. JETT, Judge, presiding.

ALBERT & MATHENY, for appellant.

JOHN A. BINGHAM, for appellee Justin J. Wetmore.

BROWN & BURNSIDE, and G. T. TURNER, for other appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed by appellees in the circuit court of Fayette county for the partition of real estate formerly owned by Mary W. Lee, deceased. One of the defendants, Mark Watson, filed a cross-bill, claiming that he was entitled to one hundred acres of said land under an agreement with one Moses C. Wetmore to care for said Mary W. Lee during her lifetime. The trial court, on demurrer, dismissed the cross-bill for want of equity. From that decree Watson prosecuted a writ of error to this court. The decree of the circuit court dismissing the cross-bill was affirmed. (*Wetmore* v. *Watson,* 253 Ill. 88.) Thereafter the complainants amended the bill, asking that the lands be divided *per capita* among the heirs of Mary W. Lee instead of *per stirpes,* as theretofore prayed. After a hearing the court found that the land should be partitioned *per capita* among the five heirs-at-law of Mary W. Lee, who were, at her death, Orvilla A. Lee, a sister; Leslie R. and DeLaskie Wetmore, sons of Reuben Wetmore, a de-

259 — 6

ceased brother; and Moses C. Wetmore (who was named
as trustee in her will) and Justin J. Wetmore, sons of
John J. Wetmore, a deceased brother. It appears from the
record that Justin J. Wetmore had already received $500
and Orvilla A. Lee $996.75, and the decree found that they
should each be debited in the division with the sum so
received by them, respectively. This appeal is from that
decree.

Mary W. Lee died testate March 17, 1910, leaving about
600 acres of land and some $3500 in personal property, the
entire assets being valued at approximately $35,000. She
left no surviving husband, children or descendants of chil-
dren. After providing for the payment of her debts and
funeral expenses she devised all the rest, residue and re-
mainder of her property, both real and personal, to Moses
C. Wetmore, a nephew, who was a man of large property
and business interests in St. Louis, Missouri. Judge B. W.
Henry was appointed executor. The provisions of the will
necessary to be considered are the second, third and fourth
clauses, which read as follows:

"*Second*—I give, devise and bequeath to my nephew,
Moses C. Wetmore, of the city of St. Louis, State of Mis-
souri, all the rest and residue of my property, both real
and personal and wheresoever situated, in trust, neverthe-
less, for the purposes of carrying out the instructions here-
in given. He shall make such, distribution of my property
among my heirs-at-law in such proportions as he in his
discretion shall deem each of them worthy, as I have the
utmost faith that he will divide my estate in an equitable
manner among my heirs. I also direct my trustee, before
making above stipulated distribution, to dispose of to those
persons not of kin to me, remembrances, bounties, gifts and
donations as he in his judgment may see fit, but all of the
said property disposed of to persons not of kin to me shall
not exceed three (3) per cent of the value of my estate, and

this latter disposition may be made in money, lands, goods or chattels.

"*Third*—My said trustee shall make distribution and division of all my property within two (2) years after this will has been probated.

"*Fourth*—That portion of my property, both real and personal, not partitioned, divided or given away or paid out within the said two (2) years, shall be deemed to be the proportion reserved by my said trustee for himself, as I have full faith that he will not reserve more than his equitable share."

Moses C. Wetmore, on April 23, 1910, under the authority granted by said will, paid to his brother, Justin J. Wetmore, $500, and took from him a release in full of all interest in the estate of Mary W. Lee. He also paid Orvilla A. Lee $996.75. In 1910, and before making any further distribution under said will, Moses C. Wetmore died. This bill was filed in March, 1911.

Appellant contends that the real and personal estate should be distributed in accordance with the Statute of Descent and that the heirs should take *per stirpes*. She also contends that Justin J. Wetmore, one of the nephews of said Mary W. Lee, having received $500 from the trustee and having given a release therefor in full of all his interest in the estate, forfeited all right to any further interest.

The will of Mary W. Lee created a power coupled with or in the nature of a trust in Moses C. Wetmore to dispose of the property specified among the heirs of the testatrix, including himself. Such power so given is considered a trust for the benefit of the parties designated. (1 Perry on Trusts,—6th ed.—sec. 248; *Hawthorn* v. *Ulrich*, 207 Ill. 430; *Harding* v. *Glyn*, 1 Atk. 469.) In cases of this kind the powers or trusts should be construed according to the intention of the parties to be gathered from the whole instrument. (1 Perry on Trusts,—6th ed.—sec. 248.) So

construed, we think the trustee, Moses C. Wetmore, had he
acted before his death, could have distributed the prop-
erty in such proportions as in his discretion he might de-
cide. (*Hawthorn* v. *Ulrich, supra;* 3 Pomeroy's Eq. Jur.—
3d ed.—sec. 1002.) The trustee having failed, before his
death, to distribute the property so left to him in trust, the
court "will put itself in the place of the trustee and will
exercise the power by the most equitable rule." (1 Perry
on Trusts,—6th ed.—sec. 249.) "Where a power in rela-
tion to the distribution of a fund is conferred by the tes-
tator upon a trustee, the court will place itself in the posi-
tion of the trustee, if the discretion of the latter is to be
governed by some rule or state of facts which the court can
inquire into and apply as effectually as a private individual
could do. In such case the court 'can look with the eyes
of the trustee' and substitute its own judgment." (*Glover*
v. *Condell,* 163 Ill. 566, on p. 594.) It is clear from the
will that it was not the purpose of the testatrix to desig-
nate any particular division to be made of the property.
There is no suggestion that any one person be given more
than any other or that any distinction be made among the
heirs-at-law. The proportion is left entirely to the judg-
ment of the trustee. The court, therefore, has nothing to
serve as a guide by which it can distinguish or prefer one
of the heirs-at-law over any other. In such circumstances
"it is a settled rule that a court of equity, in enforcing the
power on behalf of the beneficiaries, will also decree an
equal distribution of the property among all the persons
constituting the class." (3 Pomeroy's Eq. Jur.—3d ed.—
sec. 1002.) "Generally, if the power is left unexecuted by
the donee, the court will execute it as a trust by dividing
the fund equally among the objects or persons in favor
of whom it was given or from whom the selection might
have been made, on the ground that equality is equity."
(1 Perry on Trusts,—6th ed.—sec. 255.) The same au-
thor, in section 257 of the same volume, says: "Intimately

connected with this subject is the inquiry whether courts
will execute the power of distribution among the persons
intended by distributing *per capita* or *per stirpes.* * * *
If there is no rule in the gift which can apply to determine
the proportions, the court will make the distribution *per
capita,* and everybody within the rule will take equally,
as tenants in common." To the same effect are *Hoey* v.
*Kenny,* 25 Barb. 396; *Longmore* v. *Broom,* 7 Ves. Jr.
124; *Doyley* v. *Attorney General,* 2 Eq. Cas. Abr. 194;
*Penny* v. *Turner,* 2 Phill. Ch. 492; Sugden on Powers,
(8th ed.) 601; 22 Am. & Eng. Ency. of Law, (2d ed.)
1127, 1128. No rule is found in the will which the court
can apply in determining the proportions for distribution.
The class of beneficiaries fixed by the will are the heirs of
the testatrix. The trust estate must therefore be distributed
*per capita* among all such heirs.

The argument of counsel for appellant that in order to
ascertain the persons who constitute the class to whom the
fund is to go it is necessary to refer to the Statute of De-
scent, and therefore, under *Kelley* v. *Vigas,* 112 Ill. 242,
*Kirkpatrick* v. *Kirkpatrick,* 197 id. 144, and other similar
decisions of this court, the distribution should be *per stirpes,*
on the facts in this record cannot be sustained. In those
cases the will itself provided for an equal distribution
among the heirs-at-law, and there was no attempt there to
construe a power coupled with a trust which the trustee
failed to execute, as he did in this case. The authorities
on this question in other jurisdictions seem to be a unit.
We deem it our duty to follow them, as the chancellor did
in the court below.

The further question remains to be considered whether
Justin J. Wetmore, having been given $500 by his brother
under the authority of the trust and having executed a re-
lease in full for his interest in the estate of Mary W. Lee,
is entitled to share in this distribution. Orvilla A. Lee did
not release her interest in the estate when she received the

$996.75 paid her, so that question does not arise in her case. When there has been a partial execution of the power, the portion of the subject matter of the power which is not appointed is held by the authorities to go as it would have gone in default of any appointment. (22 Am. & Eng. Ency. of Law,—2d ed.—1145; *Alloway* v. *Alloway,* 4 Dr. & War. 380; *Wombwell* v. *Hanrott,* 14 Beav. 143; *Wilson* v. *Piggott,* 2 Ves. Jr. 351; *Walmsley* v. *Vaughan,* 1 DeG. & J. 114.) The rule as laid down in these authorities appears to be based on the theory that while the trustee has declared what shall be the portion of the one receiving his share, yet such trustee has made no declaration as to the distribution of the balance, and the court will not say that part of it might not still have gone to the one who has been given a portion. The chancellor therefore rightly held that Justin J. Wetmore and Orvilla A. Lee were entitled to share in the distribution of the balance of the funds not distributed by the trustee named in the will.

Whether the trial court erred in its finding in the decree that Justin J. Wetmore and Orvilla A. Lee should account for the funds they have already received cannot be raised on this record. Justin J. Wetmore did not assign error on that point. While Orvilla A. Lee did assign such error that question was not raised in her original brief. Not having been thus raised, under our rules it cannot be thereafter raised by reply brief, in oral or printed argument or on a petition for rehearing. Not having been raised in the brief the point was waived. *Spring Valley Coal Co.* v. *Buzis,* 213 Ill. 341; *Litz* v. *Village of West Hammond,* 230 id. 310.

Counsel for appellant further insist that the appellees are estopped from claiming a *per capita* distribution of the lands mentioned in the amended bill as the original bill asked for a *per stirpes* distribution, and this amendment was made after the year expired in which to file a bill to contest the will. Mary W. Lee's will was admitted to probate in the county court of Fayette county April 16, 1910,

and the last day under the statute for starting a contest was April 16, 1911. The original bill for partition was filed in the circuit court of Fayette county March 31, 1911, but Orvilla A. Lee, whose counsel raised this question, did not file her answer until May 11, 1911, some twenty-five days after the time for contesting the will had expired. We think it is apparent that Orvilla A. Lee is not placed in a more disadvantageous position because the bill was thereafter amended. On the facts in this record we do not think appellees were estopped from asking, by an amended bill, for a distribution of the funds *per capita.* There is nothing shown on this record to indicate that it would be contrary to equity and good conscience to permit appellees to recover under the amended bill.

It is further contended that the court erred in admitting the will of Mary W. Lee in evidence. It appears that appellant, Orvilla A. Lee, sought to contest said will in this proceeding by filing an answer, in which it was claimed the probate court erred when it admitted the will to probate by reason of the fact that Mary W. Lee executed only the last page of said will; that the first page was not before her at the time the will was executed. The probate of a will cannot be attacked in a collateral proceeding. (*Slick v. Brooks,* 253 Ill. 58, and cases cited.) The court did not err in its ruling on this question.

The further point in their briefs made by counsel for appellant, that the description of part of the real estate as given in the decree did not conform to that given in the bill, has been obviated by appellees filing, by leave of court, an amendment to the record.

The decree of the circuit court will be affirmed.

                                        *Decree affirmed.*