MARGARET L. SULLIVAN *et al.* Plaintiffs in Error, *vs.* THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY *et al.* Defendants in Error.

*Opinion filed February 21, 1914—Rehearing denied April 9, 1914.*

1. APPEALS AND ERRORS—*clerk's recitals showing exceptions to judgment are of no legal effect.* Recitals by the clerk in the record showing exceptions to the judgment are of no legal effect, as such exceptions can only become a part of the record by being incorporated in a bill of exceptions.

2. SAME—*errors assigned but which are not argued in the briefs are waived.* Assignments of error as to the admission and exclusion of evidence which are not presented or argued in the plaintiff in error's brief are waived.

3. SAME—*when no question is presented to the Supreme Court.* No question is presented to the Supreme Court on writ of error to review a judgment for the defendants in an action of ejectment, tried by the court, by agreement, without a jury, where the bill of exceptions fails to show any exceptions to the judgment or any propositions of law or rulings thereon, and no question of law is discussed in the briefs arising on the rulings in admitting or excluding evidence.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. CHARLES B. CAMPBELL, Judge, presiding.

FRED MORIARTY, for plaintiffs in error.

J. L. O'DONNELL, T. F. DONOVAN, J. A. BRAY, and LEE F. ENGLISH, (ROBERT DUNLAP, and WINSTON, PAYNE, STRAWN & SHAW, of counsel,) for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of ejectment brought by plaintiffs in error in the circuit court of Will county, against defendants in error, to recover possession of a piece of real estate about thirty-three feet wide and fifty-nine feet long, formerly a portion of VanBuren street, in the city of Joliet, in said county, and which is now occupied by an embankment, retaining walls and elevated tracks of the railroads of defendants in error. There have been two trials of the case in said circuit court, the first before a jury, in which a verdict was directed for defendants in error and a new trial taken under the statute; the second before the court, a jury having been waived, and which also resulted in favor of defendants in error. This writ of error was sued out to review the last judgment.

VanBuren street was opened by a common law dedication. The property adjoining it immediately on the north was condemned by the predecessor of one of the defendants in error in 1888. Some two years ago a mandatory injunction was brought by plaintiffs in error against defendants in error in said circuit court, involving this same property. (*Sullivan* v. *Atchison, Topeka and Santa Fe Railway Co.* 251 Ill. 108.) Defendants in error contend that they obtained title to the disputed property under the condemnation proceedings in 1888. They also contend that the mandatory injunction proceedings, records of which were introduced in evidence, were a bar to recovery in the present proceeding.

It is apparent from the record that the trial court in both cases held with the defendants in error on one or both of these points. Plaintiffs in error insist that on neither of these grounds could a decision rightly be based in favor of defendants in error. Defendants in error, however, further contend that plaintiffs in error cannot raise either of these questions on this record. The bill of exceptions fails to show any exception taken to the judgment rendered, nor are there recited therein any propositions of law or the rulings of the court thereon. There is no question of law discussed in the briefs arising on the rulings of the court admitting or excluding evidence. There is, therefore, no question presented by the record that can be passed upon by this court. It is immaterial that the recitals in the record by the clerk show exceptions to the judgment. These are matters that can only become a part of the record by being incorporated in the bill of exceptions. The clerk's recitals are of no legal effect. This court has so held on records practically identical with the one before us, in *Gould v. Howe,* 127 Ill. 251, and *Tucker v. Duncan,* 224 id. 453,—both ejectment cases. The same principles have also been laid down in numerous other decisions of this court, including *Aden v. Road District,* 197 Ill. 220, *Grand Pacific Hotel Co. v. Pinkerton,* 217 id. 61, *City of Chicago v. Ogden, Sheldon & Co.* 227 id. 595, *Climax Tag Co. v. American Tag Co.* 234 id. 179, *Regneri v. Loesch,* 182 id. 143, and *Cincinnati, Indianapolis and Western Railway Co. v. People,* 205 id. 538.

Several errors have been assigned as to the admission and exclusion of evidence but have not been suggested or argued in the plaintiffs in error's brief. They are therefore waived. *Wetmore v. Henry,* 259 Ill. 80; *Lewis v. King,* 180 id. 259.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*