## GEORGE W. BOWEN *et al.*

*v.*

## ROBERT E. ALLEN.

*Filed at Mt. Vernon January 22, 1885.*

| | |
|---|---|
| 113 | 53 |
| 121 | 357 |
| 113 | 53 |
| 28a | 66 |
| 113 | 53 |
| 142 | 224 |
| 113 | 53 |
| 158 | 247 |
| 113 | 53 |
| 168 | 472 |
| 113 | 53 |
| 183 | 47 |
| 113 | 53 |
| 197 | ²405 |

1. FORMER ADJUDICATION—*as to the conclusiveness of probate of will.* The judgment of the circuit court, on appeal, admitting a will to probate, and ordering a description which had been altered to be restored to the original number, until reversed or otherwise impeached, or set aside in a direct proceeding, is conclusive on all persons and in all courts. Such probate is conclusive of the validity of the will, and of any question of fraud, until reversed or otherwise legally vacated. So if the testatrix married after publishing her will, its probate after her death is conclusive that the marriage did not revoke the same.

2. DESCRIPTION *of land in a will or deed—rejecting contradictory or useless words.* Where, from the entire description of land in a deed or will, there is ambiguity and doubt as to the identity of the property, the courts hold that any contradictory or useless portion of the description may be disregarded, so as to render the description certain and complete.

3. SAME—*when a general description will prevail over a more specific one.* If the property devised in a will be described as the testator's house and lot in the town of P., Illinois, it will be sufficient upon showing that the testator in fact had a house and lot in such town; but when the will goes further, and gives a more specific description, as, "known and described as follows: the north two-thirds part of lot No. 19, block No. 10, railroad addition to the town of P., Illinois," if the testator had a house and lot on block 19 it will pass, and the more specific description must control. If, however, it is shown that the testator never owned any house, or part of lot, on lot 19, but did own the north two-thirds of lot 12, in the same block, upon which there was a house, and owned no other house and lot in the town, then the general description will prevail, and the more specific one will be rejected. But in the absence of proof that the testator, at the time of making the will, had no title to any part of lot 19, it could not be inferred he had none, so as to allow the devise to operate upon lot 12. A stipulation that the north two-thirds of lot 12, etc., was all the real estate the testator owned in the town of P. at his death, is not sufficient to show that he may not have owned the north two-thirds of lot 19 when he made his will.

4. PAROL EVIDENCE—*to explain or vary a will—or to identify the subject of the devise.* Extrinsic evidence can not be heard to alter, detract from, or add anything to the provisions of a will. But in case of a latent ambiguity, parol evidence is admissible for the purpose of identifying the property intended to be devised.

APPEAL from the Circuit Court of Marion county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. CASEY & DWIGHT, for the appellants:

There is no evidence in the case, nor is there anything in the "stipulations," showing that lot 12, in block 10, in railroad addition to Patoka, was all the lot or property owned by Ann Quinn in that town at the date of the will. The stipulation is, "and that said above described property was all the property she owned in the said town of Patoka at the time of her death, and that she was also the owner of said property at the time of making said will."

The marriage of the testatrix afterward, operated to revoke the will. Rev. Stat. 1874, p. 419, sec. 10; *Duryea* v. *Duryea,* 85 Ill. 41; Act of April 1, 1872, entitled "An act in regard to the administration of estates."

The will having been revoked, plaintiff below had no title, and the judgment should be reversed. *Board of Foreign Missions* v. *Nelson,* 72 Ill. 564.

Mr. HENRY C. GOODNOW, for the appellee:

At the time the will was made there was no law in force that made a subsequent marriage revoke a will. The statute is not retroactive, and therefore does not affect the rights of appellee given him by the will at the time it was made, and hence does not revoke the will.

Again, appellants were parties to the probate of the will in the circuit court, they having appealed to that court, and are bound by such probate, the same being a judicial proceeding, and is *res judicata.* The principle of *res judicata* embraces not only what has actually been determined in a former case, but also extends to any other matter properly involved, and which might have been raised and determined in it. *Rogers* v. *Higgins,* 57 Ill. 244; *Lathrop* v. *Hays,* id. 279; *Briscoe* v. *Lloyd,* 64 id. 33.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Robert E. Allen, appellee, brought an action of ejectment against George W. Bowen and Nancy Hall, appellants, to recover the north two-thirds of lot 12, block 10, railroad addition to the town of Patoka, Illinois. The general issue and other pleas were filed, and issue joined. A jury was waived, and a trial had by the court, by consent of the parties. The court found the issues for the plaintiff, and rendered a judgment of recovery in his favor, and defendants appeal, and urge a reversal.

On the trial, plaintiff introduced and read in evidence the last will and testament of Ann Quinn, made and published on the 14th day of January, 1870, and filed in the county court of Marion county on the 18th day of July, 1881. The

provision of the will relied on by plaintiff as establishing his title, reads:

"*First*—I give and bequeath to my grandson, Robert E. Allen, of Clinton, Indiana, my house and lot in the town of Patoka, Illinois, known and described as follows: The north two-thirds part of lot No. 12, block No. 10, railroad addition to the town of Patoka, Illinois."

Testatrix died in the year 1876. No will having been produced and probated after her death, about the 12th of May, 1881, two of her heirs, a daughter and the only child of another daughter, deceased, sold and conveyed their interest in the property to defendant Nancy Hall, who took and still holds possession of the premises under that conveyance. Testatrix, after making the will, intermarried with one Pearson, on the 18th day of October, 1872, who died previous to her death, leaving her a widow. The property described in this clause of the will was all the real estate she owned in the town of Patoka at the time of her death, and she owned it at the time of making the will. These facts are admitted by stipulation by the parties. On the 18th day of July, 1881, on proof, the probate court of Marion county admitted the will to probate. Contestants appealed the case to the circuit court of Marion county, where the probate by the county court was affirmed, except it was found, in the clause in reference to this land, that the lot was first described as lot 19, but had been altered to read "lot 12," and it was ordered that it should stand and be read as lot 19.

It is urged that the circuit court erred in admitting the will in evidence. It is claimed that withholding the will from probate for more than five years after the death of testatrix, and until a portion of her heirs had sold their interest in the premises, was a fraud on the purchasers. In this action we can not consider such questions. Whether or not such considerations were proper on the contest of the probate of the will it is unnecessary to consider in this case, as the will has

been probated, and established as legal and binding by the judgment of the circuit court. That judgment must be held binding in all places and times, when attacked collaterally. It can be attacked only by a direct proceeding. It would be useless to admit a will to probate if it might be assailed, and those claiming under the will required to prove its execution and to establish its validity in all collateral proceedings. The probate of the will is conclusive of its validity, and of the question of fraud, until reversed or otherwise legally vacated.

It is also urged that the marriage of testatrix after its execution, revoked the will. This, like the other question, is concluded by the judgment of the circuit court establishing and admitting the will to probate. This was a question to be considered in that case, and no doubt was. The question there tried was, whether it was the will of testatrix, and after hearing the evidence, on the trial, it was found that it was, and that finding must stand until the judgment is reversed or otherwise annulled by some regular proceeding had for the purpose. As long as it stands unreversed and unimpeached, it imports verity in all collateral proceedings. We must therefore receive and act upon it as the last will of testatrix. We have no power, in this proceeding, to review the judgment of the circuit court, and it is conclusive of this question.

The will, as it was probated and corrected, describes the lot as No. 19, and the recovery is for lot 12. The stipulation admits that testatrix, at the time she published the will, owned this property and lot 12, and that she owned no other property in the town of Patoka at the time of her death. When there is, from the entire description, ambiguity and doubt as to the identity of the property, courts have uniformly held that any contradictory or useless portion of the description may be disregarded, so as to render the description certain and complete. Usually, if not uniformly, the conveyance first designates the property by a general description as to

the county,. State and township in which it is located, and generally this is followed by a particular description, in States where there are government surveys, by the section, and the particular portion of the section, or by metes and bounds of a portion of the section. Or the description may be general, as, the house or residence of the grantor in a designated county, city or village, or a particular addition thereto. In this case we find the premises described as "my house and lot in the town of Patoka, Illinois." Had this general description been all, no one would have doubted the sufficiency of the description. On finding a house and lot belonging to testatrix in that town, no one would have questioned that they were the property devised. Such a description, although general, has always been held sufficient. But this goes further, and gives a more particular, minute and detailed description. It adds to the general description: "Known and described as follows: The north two-thirds part of lot No. 19, block No. 10, railroad addition to the town of Patoka, Illinois." There is no pretence that the lot in controversy does not fill every description of this lot, general and specific, except the lot in dispute is lot 12, and the will describes a house and part of lot 19. In the absence of evidence whether testatrix owned a house on lot 19, or not, when the will was published, which number shall we adopt as the lot intended to be devised? It is admitted she owned this property when she executed the will, and that she owned no other real property in the town at the time of her death. In the absence of proof, shall we presume that testatrix owned any other property than that admitted in the stipulation to have belonged to her, both at the time she published her will and at her death? That admission does not negative the fact that she did not own two-thirds of lot 19. She, in the devise, says she owns the north two-thirds of lot 19, and there is no evidence proving that she did .not, or to warrant a rejection of the number of the lot as repugnant to the other portion of

the specific as well as the general description.   As probated, "No. 12" was stricken out, and "No. 19" was restored, as the will was first written, and we must receive and act on the will as it is probated.   We have no power to adopt "No. 12" instead of "No. 19," in the absence of all evidence.   We are precluded from inferring that she had no title or claim to the north two-thirds of the latter named lot.   We must therefore follow the description of the will, in the absence of evidence.

It is a rule of law that has never been departed from in this court, that extrinsic evidence can not be heard to alter, detract from or add anything to the provisions of a will. (*Kurtz* v. *Hibner,* 55 Ill. 514.)   But this case is not like that. There the land was situated, as described in the will, in one section, and it was proposed to prove that it was in fact in a different section.   There the naming of the section was essential and controlling, because no other controlling description was adopted.   Had it described the property as his farm in the township, and he had held no other in the township, then a different result would have been reached, because there would have been a sufficient description to manifest the testator's intention, after the description by the section had been rejected.   Had the section not been named, or had it been rejected in that case, there would have been nothing to point out or indicate the precise land intended to be devised.   But in this case, reject all reference to the lot on which the house was situated, and still the description is complete and amply sufficient to manifest the intention of the testatrix, and to identify the premises devised.   Her house and lot are the subjects of the devise, and Robert E. Allen is named as the devisee.   But it is necessary, to effectuate that clear intention, that we shall ascertain the particular house she intended to devise.   She, for the purpose of designating it with more certainty, says it is in the town of Patoka, and in the railroad addition to the town.   If the proof shall show that she, at the time of making her will, had no other house in that

addition to the town, then the house in controversy is identified as the house devised. If, however, it should appear that she had a house on the north two-thirds of lot 19, then that house and the two-thirds of the lot are the property devised. We have discussed this question because the case will have to be presented again for another trial, when this question will no doubt be presented for decision.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*