## ELIAS BRACK *et. al.*

### *v.*

## ALEC BOYD *et al.*

*Opinion filed April 24, 1903.*

1. WILLS—*original probated will is admissible in evidence.* The statute making the copy of the record of a will admissible in evidence does not preclude the admission of an original probated will if the same can be procured.

2. SAME—*will may be produced to verify interlineations in record.* If no one has been misled by the wording of the record of a will as originally made, the will may be given in evidence to verify subsequent interlineations in the probate record supplying the words omitted by the clerk when making the original record.

3. SAME—*when question of legality of adoption is immaterial.* A devise of a remainder to the testator's adopted daughter, naming her by her adopted name and her former name, is sufficient to vest the remainder in her, regardless of whether or not the adoption proceeding was defective.

4. APPEALS AND ERRORS—*when alleged error as to waiver of widow's award is harmless.* Alleged error in a partition decree in finding that the widow waived her award is harmless, where the widow administered the estate and took all of the property for life, under the will, without claiming her award, since in such case the award would constitute no lien upon premises even if not waived.

APPEAL from the Circuit Court of Williamson county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

This was a bill in chancery filed in the circuit court of Williamson county, praying for a partition of certain lands. One Allen Lewis Ralls, being the owner in fee of

the north-east quarter of the south-west quarter of sec-
tion 5 and the north-west quarter of the north-west quar-
ter of section 8, except one-half acre in the north-west
corner of the last named tract, all in township 9, south,
range 3, east of the third principal meridian, in William-
son county, died November 11, 1887, testate, without issue,
but leaving a widow. His will was duly probated, and
is as follows:

"I, Allen L. Ralls, aged seventy-one years, being warned of
my mortality and being of sound mind and deposing memory,
do hereby make, publish and declare this as my last will and
testament.

"*First*—I will that all my just debts be paid.

"*Second*—I hereby give and bequeath and devise unto my
beloved wife, Sally Ann Rebecca Ralls, all my property, real,
personal and mixed, including choses in action or possession, to
be by her held, used, possessed, enjoyed and controlled for and
during her natural life.

"*Third*—At the death of my said wife it is my will that my
said property be vested in my adopted daughter, Mary Jane
Ralls, (whose name before her said adoption was Mary Jane
Singleton,) to be by her, the said Mary Jane Ralls, (*nee* Single-
ton,) enjoyed and possessed in fee simple as of an estate of
inheritance or purchase.

"*Fourth*—I hereby appoint my beloved wife, Sally Ann Re-
becca Ralls, executrix of this my last will and testament, with-
out bond as such."

In January, 1898, the widow, Sallie A. R. Ralls, mar-
ried the appellant Elias Brack. She died March 26, 1900,
without issue, leaving her second husband surviving.
Allen L. Ralls and Sallie A. R. Ralls, in August, 1884,
had filed a petition in the county court of Williamson
county to adopt as their child one Mary Jane Singleton,
who was then seventeen years of age. At the Septem-
ber term the prayer of the petition was granted and the
child's name changed to Mary Jane Ralls. In June, 1885,
Mary Jane Ralls was married to John Boyd. She died
March 26, 1893, intestate, leaving her surviving her hus-
band and her two children, Alec and Mattie Boyd, who
are the complainants in the bill and appellees herein.

The bill alleges that the nieces and nephews of Allen L. Ralls claim the lands as his heirs, insisting that the order of adoption of Mary Jane Singleton is invalid, and that the appellees took no interest in the lands as heirs or by the will of Allen L. Ralls, and prays that the claims of the defendants to the bill may be declared invalid and that partition be made between the complainants. One hundred and six persons were made defendants, besides the unknown heirs of eighteen others, all collateral kindred of Ralls and his wife. The bill also alleged that the widow of said Allen L. Ralls had waived her rights to an award, which allegation was denied by the answers. The decree of the circuit court found all the facts as alleged in the bill, and ordered partition. From this decree appellants have appealed.

WILLIAM W. CLEMENS, and PILLOW & SMITH, for appellants.

DUNCAN & DENISON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The decree is attacked on three grounds: First, the alleged invalidity of the order of adoption; second, the alleged defects in the record of the probate of the will; and third, the finding that the widow of Allen L. Ralls had waived her right to the widow's award.

The record of the probate of the will is found in will record "B," on page 74 of records of the county court of Williamson county. The convening order is as follows:

"STATE OF ILLINOIS, } ss.    In the Williamson County Court,
*Williamson County.* }          In Probate, Nov. Term, A. D. 1887.

"On Monday, the 6th day of November, in the year of our Lord one thousand eight hundred and eighty-sev—

"Present: The Hon. W. W. Duncan, judge; J. C. Mitchell, clerk; and J. H. Burnett, sheriff."

Then follow the title of the cause and date of probate: "In the matter of the estate of A. L. Ralls, deceased.— Wednesday, Nov. 30, 1887."

The figure "7" in the convening order is not very legibly written, and counsel for appellants claim that it is nearer a figure "3" than any other figure. But this is wholly immaterial, as further down the date is partially spelled out, "eighty-sev—," and the day of the probate is distinctly given as in the year 1887.

It is further urged that the day of the date of the convening order, November 6, 1887, was a Sunday, and therefore a non-judicial day. This is evidently a mere clerical error of the person writing up the record, for the convening order in the regular probate record gives the correct date in full, as Monday, the 7th day of November, 1887.

But the most serious objection raised as to this probate record is, that in the will as recorded there are interlineations, particularly of the word "real" in the second clause. It is contended that this word "real," and two other words, were interlined after this suit was brought, by the person who was county clerk at the time of the probate of the will, but who at the time the interlineation was made had ceased to be such clerk. Appellants insist that the record of the will, permanently spread upon the records of the county court in connection with the order of probate, becomes the operative form of the probated will, and that the original will is without further effect. Appellants further insist that no changes or alterations can be made in the record without due notice to the parties affected, and an order of court. The original will, together with the record of its probate, was introduced in evidence, and is identical with the will as recorded, as interlined.

The last part of section 2 of the act in regard to wills (Hurd's Stat. 1901, p. 1818,) provides: "And every will, testament or codicil, when thus proven to the satisfaction of the court, shall, together with the probate thereof, be recorded by the clerk of said court, in a book to be

provided by him for that purpose, and shall be good and available in law for the granting, conveying and assuring the lands, tenements and hereditaments, annuities, rents, goods and chattels therein and thereby devised, granted and bequeathed." The subject of the sentence beginning, "shall be good and available in law for the granting," etc., is the same as that of the preceding sentence, namely, "every will, testament or codicil." In *Shephard* v. *Carriel*, 19 Ill. 313, it was said (p. 319): "The right of the party claiming under the will arises out of the will and by the will, and when the will is probated, the proof, at the same time, is created of this right, which vested at the death of the testator, the probate not conferring the right but being merely evidence of the right." (*Ex parte Fuller*, 2 Story, 327.) Section 18 of the same act provides: "All original wills, together with the probate thereof, shall remain in the office of the clerk of the county court of the proper county; and copies of the record of the same, and copies of the record of exemplifications of foreign wills recorded in said office, as in this act provided, duly certified under the hand of the clerk and the seal of said court, shall be evidence in any court of law or equity in this State." This section does not declare that the record shall become the only evidence of the will, but only that copies of the record shall be evidence in any court in this State. The copy of the record is receivable in evidence, not because it is better evidence than the original, but because it is provided that the original shall remain in the office of the clerk. But when the original can be procured and has been duly probated it is admissible in evidence. (*Stevison* v. *Earnest*, 80 Ill. 513.) It is not pretended that any of the parties had acted on or been misled to their injury by the wording of the will as it appeared on the records. What the rule would be in such a case it is not necessary to consider. The original will, with the record of its probate, being in evidence, it clearly appears that the

words interlined in the record had been omitted merely in the act of recording by the clerk.

By the terms of the will the testator gave all of his property to his wife for life, remainder to his adopted daughter, Mary Jane Ralls, formerly Mary Jane Singleton. The language employed identifies the beneficiary beyond question and is sufficient to vest the estate in remainder in her. This being the case, it will be unnecessary to determine the question raised by appellants whether there was any defect in the adoption proceedings, as it could not affect the result. Even if it were apparent, though it is not, that the proceedings were void, she would take the property under the will.

The bill charges that the widow of Allen L. Ralls administered on his estate and that her final report was approved by the court January 6, 1890, and that she waived her right to the widow's award and refused to take such award. The answer denies this. The decree finds that she elected to take all the property for life under the will, and waived her right to take any of the property under the laws of the State contravening the terms and provisions of the will. There is no evidence whatever in the record as to any action taken respecting the widow's award. But she did take all the property for life and settled the estate without claiming any award. The testator died, the will was probated, and the widow became executrix in 1887 and administered on the estate, and even if it were erroneously held below, as contended, that she had waived her award, still such award would not now constitute a lien on the land sought by the bill to be divided, (*Furlong* v. *Riley*, 103 Ill. 628,) and the error, if any, would be immaterial and constitute no ground for the reversal of the decree.

The decree will be affirmed.

*Decree affirmed.*