M. E. SLICK, Appellee, *vs.* ELIZABETH BROOKS, Appellant.

*Opinion filed December 21, 1911—Rehearing denied Feb. 9, 1912.*

1. NAMES—*middle initial is no part of name.* A middle initial is no part of a name, and it will be presumed, after a lapse of many years and in the absence of proof to the contrary, that the person who attested a will as "David D. Malone" was the same person who testified as "D. M. Malone" at the time the will was admitted to probate in the county court.

2. WILLS—*probate of a will cannot be attacked in a collateral proceeding.* The probate of a will cannot be attacked in a collateral proceeding brought for the purpose of obtaining a construction of the will.

3. SAME—*language used to cut down fee to life estate must be clear and unequivocal.* While a fee may be cut down by subsequent language used in the will, yet the language so relied upon must be clear and unequivocal.

4. SAME—*when fee is not reduced to life estate by subsequent language.* Where the first clause of a will gives all the testator's real estate to his wife, the second clause gives her all his personal property, and the last clause gives her all the rest and residue of the property, revokes former wills and appoints the wife executrix, concluding with the words, "so long as she remains my widdo," such words do not reduce the widow's fee to a life estate.

APPEAL from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

E. J. SWEENEY, and E. B. MITCHELL, for appellant.

INGHAM & INGHAM, and HERRICK & HERRICK, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It appears from the pleadings and proofs that Samuel Slick departed this life on April 16, 1873, seized of the east half of the south-east quarter of section 35, township 31, north, range 4, east of the third principal meridian, in DeWitt county, leaving him surviving Margaret A. Slick as his widow, and the following named persons as his children and sole heirs-at-law: J. W. Slick, J. G. Slick, Eliza Slick, (now Eliza Wisenberger,) R. M. Slick, Geo. Slick, L. E. Slick and Elizabeth Slick (now Elizabeth Brooks;) that the following instrument in writing was admitted to probate on May 19, 1873, in the county court of DeWitt county, as his last will and testament:

"*First*—I give and bequeath to my wife, Margret A. Slick all my real estate situated, lying and being in the county and State aforesaid.

"*Second*—I give and bequeath to my wife, Margret A. Slick all my personal property of all description—after paying all outstanding debtes against my estate. I also apoint my wife Margret A. Slick guardian of my heirs with full power of controlling ther affars while they ar in ther minority.

"*And lastly,* I give and bequeath all the rest residue and remainder of my personal estate goods and chattels of what nature or kind soever to my said wife Margret A. Slick whom I hereby appoint sole executrix of this my last will and testament hereby revoking all former wills by me made so long as my wife Margret A. Slick remains my widdo."

Margaret A. Slick qualified as executrix, and in the year 1875 she filed a report showing the settlement of the estate and was discharged as executrix. She lived upon said land until the year 1908, when she died intestate, leaving said seven children her surviving as her sole heirs-at-law. The appellee, M. E. Slick, is the wife of L. E. Slick, one of the sons of Margaret and Samuel Slick. Soon after the settlement of the estate of Samuel Slick the children of

Samuel Slick, with the exception of Elizabeth Brooks, conveyed their interest in said land to their mother, Margaret A. Slick, under the belief that they were the owners in fee of said real estate and that their mother held only a life estate therein, and thereafter Margaret A. Slick conveyed six-sevenths of said land to the appellee, M. E. Slick, so that at the time of the death of Margaret A. Slick the appellee was seized of the undivided six-sevenths of the said land, and the title to the other undivided one-seventh of said land either rested in appellant, Elizabeth Brooks, as heir or devisee of Samuel Slick, deceased, or in Margaret A. Slick, and descended in equal parts to her seven children. After the death of Margaret A. Slick this litigation was commenced for the partition of said land.

The sole question here to be determined is, is Elizabeth Brooks the owner of the undivided one-seventh part of said land as heir or devisee of Samuel Slick, deceased, or the owner of one forty-ninth part of said lands as heir of Margaret A. Slick?

It is first contended that the will of Samuel Slick was not duly probated, as it appears from the county court record admitting the will to probate, introduced in evidence in this case, that the will was attested by Peter Brickey and David D. Malone, while the will was proven in the county court by the testimony of Peter Brickey and D. M. Malone, and it is urged if the will was not properly proven, then the real estate was intestate property and Elizabeth Brooks inherited one-seventh thereof from her said father, Samuel Slick. The probate of a will cannot be attacked in a collateral proceeding; (*Bowen* v. *Allen,* 113 Ill. 53; *Chicago Title and Trust Co.* v. *Brown,* 183 id. 42; *Davis* v. *Upson,* 209 id. 206;) and if it could be so attacked, it does not appear from the county court record that the will was not properly admitted to probate by the county court of DeWitt county, as the middle letter of a name is no part of the name, and after the elapse of thirty-five years, in the ab-

sence of proof to the contrary, the presumption would obtain that the David Malone who attested the will was the same person who made proof of its execution as D. Malone at the time it was admitted to probate in the county court. We are of the opinion the will of Samuel Slick was shown to have been duly admitted to probate by the record of the county court introduced in evidence and that Samuel Slick died testate.

It is next contended that if the will of Samuel Slick is held to have been properly admitted to probate, Margaret A. Slick took a life estate, only, in said lands, and that one-seventh thereof was devised in fee to the appellant, and that she is entitled to take one-seventh thereof under the will of Samuel Slick, deceased. The first paragraph of the will gives the land of the testator located in DeWitt county in fee to his widow, Margaret A. Slick. The second paragraph gives Margaret A. Slick all his personal property and appoints her guardian of his minor children, and the third paragraph gives all the rest and residue of his personal property to Margaret A. Slick, names her as executrix of his will, revokes all former wills, and then concludes, "so long as my wife Margret A. Slick remains my widdo." The evidence shows the will was drafted by a neighbor— a farmer—who was not skilled in drafting wills, and the appellant testified, over objection, that she was present at the time the will was drafted and that her father stated to the scrivener that he wanted to give all his property to his widow as long as she should live; that her mother said she ought to have it no longer than she remained his widow, and that the scrivener then wrote in the words at the close of the will, "so long as my wife Margret A. Slick remains my widdo." There can be no question but that Margaret A. Slick was given the fee to the DeWitt county lands of the testator by the first paragraph of the will, unless the estate granted to her by that paragraph was cut down to a life estate by the subsequent language of the will here-

inbefore quoted. While a fee may be cut down to a life estate in a will, still when a fee is granted and subsequent language is relied upon to limit the fee, the language used to reduce the fee must be clear and unequivocal. (*Wicker* v. *Ray,* 118 Ill. 472; *Fishback* v. *Joesting,* 183 id. 463; *Kohtz* v. *Eldred,* 208 id. 60.) In *Roberts* v. *Roberts,* 140 Ill. 345, it was said, on page 349: "The rule of construction is, that where an estate is given by one clause or part of a will it cannot be cut down or taken away by a subsequent clause except by clear and unambiguous terms, and it is sometimes said that in order to give the latter clause that effect, its language must be as clear as that of the clause giving the estate." The words, "so long as my wife Margret A. Slick remains my widdo," are found in the last paragraph of the will, and if they have any significance whatever, clearly refer to the property referred to in that paragraph of the will or to the time Margaret A. Slick should act as his executrix, and do not refer to the real estate in DeWitt county which had by the first paragraph of the will been devised in fee to the widow. We do not think, therefore, it can be said that the clear and specific terms of the first paragraph of the will are limited by the words found in the last paragraph, which are ambiguous and uncertain in meaning, and the oral testimony of the appellant, if competent for any purpose, could not be received to change the clear and unambiguous language of the will; neither can the fact that the beneficiaries under the will proceeded for a time under the mistaken belief that Margaret A. Slick only took a life estate in said land.

The circuit court did not err in decreeing that the appellant was the owner of the one forty-ninth part of said land.

The decree of the circuit court will be affirmed.

*Decree affirmed.*