(No. 27040.—)

Lyda Allwood, Appellee, *vs.* Nannie Cahill *et al.*, Appellants.

*Opinion filed March 18, 1943.*

Sutherland & Sutherland, for appellants.

W. R. Brown, and W. Robert Brown, for appellee.

Mr. Justice Smith delivered the opinion of the court:

Appellee, Lyda Allwood, filed this suit in the circuit court of Putnam county to recover certain real estate, of which she claimed to be the owner. The first count of the complaint was in the ordinary form of an action in ejectment. It was alleged that appellee was the owner of the property and that appellants had entered and unlawfully withheld possession from her.

The second count alleged that one Jane Tompkins, in her lifetime, was seized and possessed of the property involved; that the said Jane Tompkins died leaving a will which was duly proved and admitted to probate by the county court of Putnam county. It was further alleged in the second count that, by the twelfth paragraph of her last will and testament, the said Jane Tompkins devised the property to appellee. A copy of the twelfth paragraph of the will is there set out, and is as follows: "I give, devise and bequeath Lyda Allwood the home in which I now live, being lots numbered Nineteen (19) and Twenty-one (21) in the village of Hennepin in the County of Putnam and State of Illinois."

It was further alleged that in this paragraph of the will, the name, "Lyda Allwood" was interlined with an

appropriate mark indicating an interlineation; that when the will was admitted to probate, the name of Lyda Allwood had been partly erased; that the interlineation and partial erasure of the name of Lyda Allwood appears on the face of the original will on file in the office of the clerk of the county court. Under this paragraph of the will, with the interlineation therein, as above quoted, appellee claimed title to the property as devisee under that paragraph of the will.

By the amended answers to count two of the complaint, appellants denied that the twelfth paragraph of the will was in the form set out in the second count of the complaint. They denied that the interlineation and partial erasure of the name of Lyda Allwood appeared on the face of the original will. They alleged that if any such interlineation and partial erasure did appear on the face of the will, they were made subsequent to the execution of the will by the testatrix.

The first question raised by appellants is on the pleadings. They argue that, there being no reply filed by appellee to the allegations in the answers of appellants that if any such interlineation and partial erasure appeared on the face of the will they were made subsequent to the execution of the will, these allegations were admitted under section 40 of the Civil Practice Act. The contention is that said averments in the answers, not being denied by a reply, must be taken as true; that accepting said averments as true, appellee was not entitled to recover the property. This section of the Practice Act provides that every allegation, except allegations of damages, not explicitly denied, shall be deemed to be admitted, unless the party shall state in his pleading that he has no knowledge thereof sufficient to form a belief.

These averments in the answers, however, were in the the nature of denials of the averments in the second count of the complaint, with reference to the interlineation and

erasure. They did not set up any new matter. While, as to the time the interlineation and erasure was alleged to have been made, they were in affirmative form, still they were, in fact, mere denials of allegations found in the complaint. The effect of these allegations in the answers was to join issue on the averments of the second count of the complaint. It is clear, from the language of this count of the complaint, that appellee attempted and intended to allege that the interlineation and erasure were made before the will was executed by the testatrix. Without such averments, appellee would have had no claim to the property, or to any property, under paragraph twelve of the will. We, therefore, construe this count of the complaint as sufficiently alleging that the name of Lyda Allwood was inserted in paragraph twelve of the will prior to its execution. Otherwise she would not have been in a position to claim as a devisee under the will. Construing the language of the count as containing a sufficient averment that the name of appellee was inserted in the will prior to its execution, the averments in the answers were nothing more than a denial of this averment in the complaint. They must be so construed. Treating the averments in the answers that the interlineation and partial erasure, referred to in the second count of the complaint, were inserted subsequent to the execution of the will by the testatrix, they amount to nothing more than a denial of the averment in the complaint that such interlineation and erasure were inserted in the will prior to its execution. It was not, therefore, incumbent upon appellee to reply to these averments in the answers. They cannot be considered as true, in the absence of such reply.

In order to maintain the issues on her part, appellee offered in evidence the record of the county court of Putnam county, showing the admission to probate of the will of Jane Tompkins, deceased. The will was admitted to probate on July 8, 1939. The will, as recorded in this

record, did not show either the interlineation or the erasure. Appellee also offered in evidence the original will on file with the county clerk. Paragraph twelve of the original will had interlined therein, over an appropriate mark indicating an interlineation, the words "to Lyda Allwood." It also indicated on its face that these words had been partially erased. The record in this case shows that, notwithstanding the partial erasure, the words were still visible and legible. A portion, only, of a stipulation of counsel as to what J. E. Taylor would testify to, if called as a witness, was offered by appellee. Appellants offered the entire stipulation. No other evidence of any importance was offered by either party. The trial court found the issues for appellee and entered judgment in her favor for possession of the property and taxed against appellants one dollar as damages and the costs in the case. The sole question involved on this appeal is whether this evidence was sufficient to entitle appellee to recover the property.

The rule is that where there is a difference in the language of the original will and the will as recorded in the probate records, the original will must prevail over the record. Section 18 of the Wills Act (Ill. Rev. Stat. 1939, chap. 148, par. 20,) as it existed at the time the will in question was admitted to probate, provided that all original wills, together with the probate thereof, shall remain in the office of the clerk of the county court of the proper county. It further provides that copies of the record of the same, duly certified, shall be evidence in any court of law or equity in this State. This provision does not, however, make the record of the will the only evidence of its contents. While the record is admissible in evidence, it is not because it is better evidence than the original will, but because it is provided that the original will shall remain in the office of the clerk. This court has held that in case of a discrepancy in the language of the original will and the record thereof, the language of the original will must pre-

vail, and that the record may be verified or corrected from the original will. *Brack* v. *Boyd,* 202 Ill. 440.

The original will was, therefore, admissible in evidence and must prevail over the record, as to any discrepancies between the two. Under the rule, appellee had the right to offer the original will in evidence. If she could establish her title to the property described in the twelfth paragraph, by the language of that paragraph as it appeared in the original will, she was entitled to recover the property.

The will, as presented to the county court for probate, had interlined in the twelfth paragraph, the name of appellee as devisee. The instrument, as offered, was found to be duly proved and established as the last will and testament of Jane Tompkins. There is nothing in the order admitting the will to probate, or in the proceedings in the county court, as shown by the record of that court, to indicate the will was not proved and established with the interlineation of the name of appellee in the twelfth paragraph. By the order admitting the will to probate, no part of the will was rejected. The instrument, as presented, and in the form and condition it was then in, was admitted to probate.

Alterations, erasures and markings in a will do not furnish any presumption, in law, as to the circumstances or the time of the mutilation. They may be of such nature as to call for explanation on the part of the beneficiary when the will is offered for probate, and without some explanation an inference against the will may be justified. (*Schmidt* v. *Bauermeister,* 279 Ill. 504.) The county court is authorized to hear evidence, on the hearing to probate a will, as to mutilation, erasures, interlineations or alterations appearing therein. (*Bley* v. *Luebeck,* 377 Ill. 50.) When attacked collaterally, it must be presumed that the county court heard such evidence, in support of its finding and judgment. *Kemmerer* v. *Kemmerer,* 233 Ill. 327.

No appeal was taken from the order of the county court admitting the will to probate. Such judgment, therefore, became final and binding on all parties interested, unless set aside in the manner provided by statute. All interested parties were given notice of the hearing on the petition to probate the will, in the manner provided by law. Under the existing statute, any person interested had the right, within one year after the will was admitted to probate, to contest the will by a suit in chancery. (Ill. Rev. Stat. 1939, chap. 148, par. 7.) The order of the county court admitting the will to probate, not having been appealed from, and not having been set aside in a suit in chancery, as provided in section 7 of the Wills Act, cannot be attacked collaterally in any other proceeding.

In *Bowen* v. *Allen*, 113 Ill. 53, the will was admitted to probate by the circuit court, on appeal from the county court. Thereafter, one of the devisees named in the will brought a suit in ejectment claiming title under the will. The defense was that the will, as originally written, described the property devised as "Lot 19;" that the will had been altered by changing this from "Lot 19" to "Lot 12." It appeared from the order of the court admitting the will to probate, that that court found that the will was not republished by the testatrix after this change was made. The will was, therefore, admitted to probate as originally written. The change in the lot number was disregarded and treated as no part of the will. The plaintiff, in the ejectment suit, was the devisee of Lot 19, as the will was originally written. He relied upon the will as the source of his title. In the course of the opinion, it was said: "It is urged that the circuit court erred in admitting the will in evidence. It is claimed that withholding the will from probate for more than five years after the death of testatrix and until a portion of her heirs had sold their interest in the premises, was a fraud on the purchasers. In this

action we cannot consider such questions. Whether or not such considerations were proper on the contest of the probate of the will, it is unnecessary to consider in this case, as the will has been probated, and established as legal and binding by the judgment of the circuit court. That judgment must be held binding in all places and times, when attacked collaterally. It can be attacked only by direct proceeding. It would be useless to admit a will to probate if it might be assailed, and those claiming under the will required to prove its execution and to establish its validity in all collateral proceedings. The probate of the will is conclusive of its validity, and of the question of fraud, until reversed or otherwise legally vacated. It is also urged that the marriage of testatrix after its execution revoked the will. This, like the other question, is concluded by the judgment of the circuit court establishing and admitting the will to probate. This was a question to be considered in that case, and no doubt was. The question there tried was, whether it was the will of testatrix, and after hearing the evidence, on the trial, it was found that it was, and that finding must stand until the judgment is reversed or otherwise annulled by some regular proceeding had for the purpose. As long as it stands unreversed and unimpeached, it imports verity in all collateral proceedings. We must therefore receive and act upon it as the last will of testatrix. We have no power, in this proceeding, to review the judgment of the circuit court, and it is conclusive of this question."

The above case was cited with approval in *Slick* v. *Brooks,* 253 Ill. 58, *Dibble* v. *Winter,* 247 id. 243, and *Harp* v. *Parr,* 168 id. 459.

Prior to the trial in the court below, the attorneys for the respective parties entered into a stipulation. The substance of the stipulation was that if J. E. Taylor was called as a witness he would testify that he prepared the will in question; that he was called to the home of testatrix,

where he obtained the necessary information to enable him to prepare the will; that he was instructed by her to so prepare the will as to devise to appellee the property described in the twelfth paragraph of the will, and which property is involved in this suit; that he then returned to his office and prepared the will. After the will was prepared he returned to her home where it was executed by the testatrix and attested by the witnesses; that Taylor then returned to his office with the will; that at a later date he discovered that he had omitted the name of appellee as devisee, or the name of any devisee, in the twelfth paragraph of the will; that in order to correct this error, he inserted the name of appellee. Thereafter, he decided he should not have inserted this name in the will. In order then, to correct his own error, he attempted to erase appellee's name; that after he made the erasure, and when the will was admitted to probate, appellee's name was still visible and legible, as the devisee in the twelfth paragraph.

The parties reserved the right to object to the admissibility of any part of the stipulation, when offered in evidence. The court admitted in evidence only that part of the stipulation in which it was stated that the witness Taylor would testify that the will, with the name of appellee partially erased from the twelfth paragraph, but still legible, was admitted to probate by the county court. The court refused to admit the balance of the stipulation in evidence. The court did not err in this ruling. The balance of the stipulation, as to the testimony of the absent witness, related to matters which were settled by the judgment of the county court. These questions were not open to consideration by the court in this case. With that part of the stipulation which was admitted, in evidence, it was clearly shown that the will was admitted to probate with the name of appellee interlined and clearly legible as the devisee in the twelfth paragraph of the will. The judgment of the county court admitting the will to probate in

that form, as shown by the record, not having been appealed from and not having been set aside in the manner provided by statute, cannot be collaterally attacked in this suit. Appellee proved her title to the property involved, by the will as admitted to probate. She was entitled to judgment.

The judgment of the circuit court of Putnam county in favor of appellee, awarding to her the possession of the real estate described in the twelfth paragraph of the will and for costs and damages, was, therefore, correct. That judgment is affirmed.

*Judgment affirmed.*